## No. 13,726.

MAYOR AND BOARD OF TRUSTEES OF THE TOWN OF NEW IBERIA VS. MISS HARRIET WEEKS, ET ALS.

### SYLLABUS.

1. The authority to impose the burden of the construction and repair of side- walks and curbings upon abutting property not being expressly conferred at the present time by the law and the charter of the corporation of New

Iberia, nor derived from the terms of the same by necessary implication, a municipal ordinance directing such imposition is *ultra vires* and void.

### ON REHEARING.

Consideration will be extended to municipal corporations with respect to the errors of omission and commission of their representatives, and particularly where a question, presented as to one citizen and property holder, exists as to all other holders of real estate within the corporate limits, and should, therefore, be determined upon the basis of a rule which will bear equally upon all.

APPEAL from the Nineteenth Judicial District, Parish of Iberia—*Foster, J.*

*Andrew J. Cammack* for Plaintiffs and Appellees.

*Voorhies & Voorhies* for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J.    Plaintiff sues to recover of defendants, jointly and severally, an amount expended in the construction of a sidewalk and curbing along the front of property owned by them jointly.

An ordinance of the Town Council is pointed to as authorizing the demand made.

This ordinance makes it incumbent upon property holders to construct and keep in repair the curbings and sidewalks along streets in front of their property.    It is provided that when in the judgment of the street committee a sidewalk or curbing should be constructed or repaired, and they so determine, the mayor is to notify the property owner to construct the same, or repair the same, as the case may be, within twenty days.    This notice must be in writing.    If the construction or repairing is not done by the owner within twenty days, it is made the duty of the mayor to have it done at the expense of the owner.    A bill of the cost is then to be presented to the owner, and if he does not pay the same within ten days, the ordinance directs that suit shall be brought.

The allegation is made that the street committee judged it necessary that a new sidewalk and curbing should be constructed along the front of defendants' property, and having so determined, the notice required by the ordinance was served upon them; that notwithstanding this notice defendants failed and neglected to have the work done; that after

the lapse of the twenty days' delay, the town authorities proceeded to construct the improvements mentioned and paid for the same; and that due demand had been made in vain upon defendants for reimbursement.

There was judgment for plaintiffs and defendants appeal.

The defense against the action is that a municipal corporation can exercise only such powers as are granted to it expressly in its charter, or derived from the terms of the same by necessary implication; that under the charter of plaintiff corporation no grant of authority to it, expressly or impliedly, exists sanctioning such an ordinance as the one referred to; and that the ordinance, assuming powers not granted, is *ultra vires,* illegal and void.

### OPINION.

Plaintiffs refer the court to Act No. 130 of the Acts of 1898 as being the present charter of the town of New Iberia. An examination of the Act shows it is one amendatory of previous Acts of the General Assembly relating to the town and its government, and also of certain sections of an amended charter of the town adopted by vote of the people at an election held on the 28th of December, 1880. No copy of this charter adopted by the people appears in the transcript.

Indeed, no reference is made on behalf of plaintiffs to any charter or grant of authority to the municipality other than the Act of 1898.

An attentive reading of that Act fails to reveal either directly, or by implication, the vesting in the town or town authorities, of any such power as that claimed for the enactment and enforcement of the ordinance in question.

In fact, the language of the statute appears rather to withhold from, than to grant to, the municipality the authority to impose the burden of the construction and repair of the sidewalks of the town upon the owners of abutting property. The intention seems to have been that the expense of improvements of this character should be a charge upon the common treasury.

For instance we find this:

"It (meaning the municipality) shall have the power and right of raising money by imposing and levying taxes and licenses upon all kinds of property, movable and immovable, and (on) all persons, associations of persons, and corporations pursuing any trade, profession, business or calling, except such as may be exempt from taxation and

license under the Constitution of the State, which money so raised shall be applied *to its improvements of the town,* to maintain the police thereof and an efficient fire department, *to make openings and repairing streets, sidewalks and bridges in and around the town, and to making and repairing every other improvement which said corporation may deem necessary and proper,* and to all other purposes to which the Board (of Trustees) may be authorized to apply them by the corporation charter." (Italics ours.)   Sec. 1, Act 130 of 1898.

It indubitably .appears from this that the authority conferred upon the corporation is the right only to levy a general tax for and on account of the constructions, improvements and repairs mentioned—the cost of same to be paid for out of monies derived from this general taxation.

Not a word there or elsewhere in the charter to the effect that the cost of putting down.a sidewalk and its curbing may be assessed against the abutting property or its owner.

This would be in the nature of a forced contribution and for it there must be undoubted authority delegated to the municipality, which is, at last, but an agency of the sovereign power.

It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless *the power be plainly and unmistakably conferred.* This power must be given in either express terms or by necessary implication, and it is not to be collected by doubtful inferences from other powers, or powers relating to other subjects, nor deduced from any consideration of convenience, expediency, or advantage. Dillon Mun. Cor. (3rd Ed.) § 763.

The authority to municipalities to impose burdens of any character upon persons or property is wholly statutory, and as its exercise may result in a divestiture. and transfer of property, it must be clearly given and strictly pursued. *Ib.*

As the authority to levy taxes or to make local assessments does not exist unless conferred by some provision of the Constitution or by an Act of the Legislature, so .it can be exercised no further than it is clearly given, and if the mode in which the authority shall be exercised is prescribed, that must be pursued.

Dillon, § 769.

Since, therefore, all the powers of the corporation are derived from the law and its charter, it is evident that no ordinance or by-law of the corporation can enlarge the same.

It follows that the authority to impose contributions or exactions upon abutting property to meet the expense of sidewalks and curbings being withheld by the law and its charter, the Town of New Iberia, its Mayor and Board of Trustees, had no warrant to enact the ordinance upon which the demand of this suit is predicated. See Fayssoux vs. Succession of De Chaurand, 36 La. Ann. 547; Barber Asphalt Paving Co. vs. Watt, 51 La. Ann. 1345.

Act 136 of 1898, entitled "An Act for the creation and government of municipal corporations throughout the State and defining their powers and duties", etc., has no applicability to the corporation of New Iberia, for the reason, that the electors of the town have never voted to bring the municipality under the provisions of the Act, as required by Sec. 40 thereof.

Neither can the corporation act in this instance under the authority of Act No. 127 of 1890, which is a general law conferring powers on municipal corporations and limited to certain purposes, for the reason that Section 6 thereof expressly excludes the space allotted for sidewalks or banquettes from the operation of the statute.

The judgment appealed from is erroneous and must be reversed.

Accordingly, it is ordered and decreed that the same be avoided and annulled, and that the demand of the plaintiffs be rejected, with cost in both courts.

### On Application for Rehearing.

The opinion of the court was delivered by

MONROE, J. Counsel for plaintiff, in his brief for rehearing, says: "The plaintiffs and appellees * * * contend that the judgment * * * just rendered in this case is erroneous, not through any fault of this court, or through any fault or negligence of the plaintiffs * * * but for the reason that the clerk of the lower court, through an error on his part, believing that Act 130 of the Acts of the General Assembly (of 1898) * * * contained the entire charter of the Town of New Iberia, referred this honorable court to that Act; instead of including in the transcript the amended charter of the city of New Iberia, as introduced in evidence upon the trial, which charter confers upon the Mayor and Trustees of the town of New Iberia the right to compel property owners to build sidewalks in front of their respective properties at their own expense. Your Honors will note that since your decision in this case, the plaintiffs, for the first time, having learned that

the charter of the town of New Iberia was omitted from the transcript of appeal, have secured the sworn statement of the deputy clerk of court who made the transcript, showing how the omission occurred, and also the sworn statement of the attorney, showing that it was impossible for him, or the plaintiffs in this suit whom he represented, to know that the transcript of appeal did not contain the charter of the town of New Iberia, and to these affidavits is annexed a copy of the amended charter of the city of New Iberia, as it was introduced in evidence in this suit upon the day of the trial.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"Plaintiffs further contend that a rehearing should be granted, for the reason that amendment 'four' of the amended charter of the city of New Iberia, which was adopted by a vote of the people on the 18th day of December, 1880, and which section had not been modified or altered by any subsequent enactment, and which was re-enacted in Section 1, Act 33 of 1900, confers the necessary powers upon the municipal authorities to compel property owners to build their sidewalks at their expense", etc.

The appended affidavit of the clerk sets forth that, through error, he omitted to include in the transcript, the amended charter of the town of New Iberia, "which was introduced in evidence on the trial &ast; &ast; &ast; believing that Act 130 of 1898 included the entire charter of that town", and that the transcript, when made, was handed to the appellants, and was not submitted to the appellees, who are not responsible for the omission mentioned. And he attaches to his affidavit a pamphlet which he describes as a certified copy of the amended charter of the city of New Iberia. The affidavit of the counsel for the appellees states that upon the trial in the lower court he introduced in evidence the amended charter of the city of New Iberia, "which is printed in pamphlet form", and that the clerk omitted the same from the transcript without his knowledge, and that he did not know of such omission until the case had been decided in this court. He therefore prays for a rehearing, and also asks that this court consider the evidence thus supplied as though it had been included in the original transcript.

The transcript was completed October 16th, 1900, and filed in this court November 14th, and the brief of the counsel was filed upon December 6th, following. There would seem to have been ample time, therefore, within which the counsel might have ascertained whether the transcript as thus filed contained the principal evidence upon which he

relies, and we are of opinion that it was incumbent upon him, as a prerequisite to the argument of the case, to inform himself upon that subject. Aside from this, the note of evidence, which we find in the record, taken in connection with the indorsements upon the pamphlet called "The Amended Charter of the City of New Iberia", which is attached to the application for rehearing, makes it a question of some doubt as to what was intended to be introduced or filed in evidence at the time of the trial, and we are inclined to think that this question was improperly left to be determined by the clerk. The note of evidence reads: "Introduced. Certified copy of Amended Charter of New Iberia, marked J.", and, at another place in the transcript, we find the following entry, to-wit: "Amended charter of the city of New Iberia, see Act of General Assembly of the State of Louisiana of 1898. Filed in evidence. In re 3392 marked J." The transcript, however, contains no charter of any kind, amended or otherwise, and no agreement to the effect that the Acts of the General Assembly should be referred to in the bound volumes; and, that it was not intended that they should be so referred to follows from the fact that what purports to be the amended charter of the city of New Iberia was offered in pamphlet form, and the offer thus made is relied on as the basis of the present application for rehearing. Examining the pamphlet in question, which is said to be the identical one offered, introduced and filed, on the trial, we find, *first*, that it is not certified, though the offer calls for a "certified copy"; *second*, that, whilst it bears the indorsement, "Filed in evidence July 11th, 1900, *In re* Mayor & Board of Trustees vs. Harriet Weeks *et als.*, No. 3392, Marked Pltff. J.", it also bears the indorsement, in the same handwriting, "Received Dec. 26th, 1900", and neither of these indorsements have any signature attached. The face of the document does not, therefore, show that it was filed at date of the trial, but rather indicates that it did not reach the hands of the clerk of the trial court until after the transcript of appeal had been lodged in this court. But not only is the pamphlet not certified, which assuredly was not the fault of the clerk, and not only does it not appear to have been filed, but it does not contain the law upon which the plaintiff relies. The particular section in question having been amended and re-enacted as Section 1 of Act No. 33 of 1900, which Act, it is not pretended, was either offered, introduced, or filed in evidence, or referred to, or relied on in argument.

The question presented, however, is one which, whilst affecting in the

instant case, the municipal corporation in its relations with only a single citizen, really exists as to every owner of real estate within the corporate limits. It is, therefore, particularly desirable that it should be correctly determined, in order that the rule to be established shall bear upon all alike. Under these circumstances, and in view of the established precedents authorizing special consideration to be extended to municipal corporations, the final judgment herein rendered will be so far amended as to make it a judgment of non-suit. Millaudon vs. Municipality, 1 Ann. 215; Delabigarra vs. Municipality, 3 Ann. 230; Police Jury vs. McDonough, 4 Ann. 352; Hassard vs. Municipality, 7 Ann. 495; Canal Co. vs. City, 44 Ann. 396; City vs. Werlein, 50 Ann. 1256.

And it is so ordered. Rehearing refused.

BREAUX, J., takes no part.