No. 14,307.

MAYOR AND BOARD OF TRUSTEES OF THE TOWN OF NEW IBERIA vs. CHARLES FONTELIEU.

### SYLLABUS.

1.  Whilst it is true that the power to impose taxes and local assessments can only be exercised by municipal corporations when conferred in express terms, or by necessary implication, the power to compel the owners of urban property to construct banquettes in front of the same and to keep them in repair and free from obstruction is not the taxing, but the police power, and may be exercised under more general grants.
2.  Under provisions of its charter authorizing its board of trustees "to make and pass such resolutions and by-laws and ordinances as may be deemed necessary and proper," and to "regulate and make improvements to the streets, alleys, sidewalks, public squares, wharves, and other public property and places," etc., the town of New Iberia may legally require the owners of lots fronting on particular streets to construct and keep in repair the sidewalks and curbings in front of such lots.

A PPEAL from the Nineteenth Judicial District, Parish of Iberia— Foster, J.

*Andrew J. Cammack,* for Plaintiff, Appellant.

*Broussard, Dulany & Broussard,* for Defendant, Appellee.

The opinion of the court was delivered by MONROE, J.

On the application for rehearing by BREAUX, J.

The opinion of the court was delivered by

MONROE, J.  Plaintiffs sue on a promissory note, executed by the defendant November 16, 1900, which reads as follows:

"On February 1st, 1901, after date, I promise to pay to the order of the Mayor and Board of Trustees of the Town of New Iberia one hundred and eighty dollars, for value received, with interest at the rate of eight per cent per annum from date until paid.  For cement sidewalk."

The defense is, that the note is without consideration, and was extorted from the maker when he was under the impression that the amount for which it was given was due and demandable under the law; that the supposed consideration was the amount assessed by the town of New Iberia for constructing a sidewalk along the front of defendant's property, but that the town was, and is, without authority to impose such an assessment, and that the ordinance imposing the same is *ultra vires*, null and void.

Plaintiffs offered the following ordinances adopted by them in December, 1899, to-wit:

"Be it ordained  *  *  *  That it is hereby made the duty of the property holders, holding property on Main street of the town of New Iberia, within fire limits, to build curbings and make, or repair, the sidewalks in front of their property at their own expense.  *  *  *  That all curbings  *  *  *  shall be built of brick, laid in concrete, and all sidewalks or banquettes  *  *  *  shall be made of cement and concrete, or asphalt;  *  *  *  that the street and bridge committee is hereby given the right to determine when it shall be necessary to cause the building of a new sidewalk or curbing in front of the property of any person who owns property on Main street, within the fire limits  *  *  *  and in case the  *  *  *  committee, or a majority of them, determine that it is necessary that a new sidewalk or curbing should be built or repaired, it shall be their duty to instruct the mayor to notify the property holders, or owners, to build, or repair, his, or her, sidewalk, at his, or her, own expense, within twenty days of the date of said notice which must be given in writing; and in case the property holder, or owner, should neglect, or refuse, to make, or repair, his sidewalk, or curbing, as above provided, then, it shall be the duty of the mayor to have such sidewalk or curbing, built or repaired, at

the expense of the owner, or owners, of the property along which it will stretch; and, should the property owner, delinquent as above, refuse, or neglect, to pay the costs incurred for the material and labor as above provided within ten days delay, to be counted from the presentation of a bill  *  *  *  the amount of said expenses shall be recovered before any court of competent jurisdiction."

Plaintiff also offered a certified copy of an amendment to the town charter, adopted in December, 1898, which contains the following, among other, provisions:

"The Board of Trustees shall have full power and authority to make and pass such resolutions, by-laws and ordinances as may be deemed necessary and proper: First. To regulate and preserve the peace and good order  *  *  *; second, to regulate and make improvements to the streets, alleys, sidewalks, public squares, wharves, and other public property and places, and to provide for the lighting and watering of the same; to order and direct the ditching, filling, opening, widening and continuing of any streets, etc."

It is admitted that the defendant was duly notified to construct a sidewalk in front of certain lots owned by him, and that he failed to comply with the notice; that the sidewalk was constructed by the municipal authorities at a cost of $180; and that the note sued on was given by the defendant in satisfaction of the claim resulting therefrom. So far as appears, the note was given voluntarily and without compulsion of any kind. The power to compel an owner of urban property to keep in repair the sidewalk in front of the same seems to be distinguished by the text-writers and the courts from the power of taxation or local assessment and to fall within the police power of the state or municipal corporation. Mr. Cooley, referring to certain things that may be done in the exercise of that power, says:

"And it has been held competent, under the same power, to require the owners of urban property to construct and keep in repair, and free from obstructions, the sidewalk in front of it, and, in case of their failure to do so, to authorize the public authorities to do it at the expense of the property (citing Godard, Petition, 16 Pick. 504), the courts distinguishing this from taxation on the ground of the peculiar interest which those upon whom the duty is imposed have in its performance, and their peculiar power and ability to perform it with the

promptness which the good of the community requires." Cooley on Const. Lim. (4th Ed.) p. 734.

Whilst, therefore, the power to levy taxes, or local assessments, must. be conferred upon municipal corporations in express terms, or by necessary implication, the power to compel the owners of property to construct sidewalks in front of the same and to keep them in repair and free from obstructions may be conferred in more general terms, and is held to be included in general grants of authority such as those contained in the provisions of the plaintiff's charter which we have excerpted for the purposes of this opinion. Dillon on Mun. Corps. (4th Ed.), Vol. 2, Sec. 798; Rights, Remedies and Practice, Lawson, Vol. 7, p. 5263, Sec. 3994.

In the case of "Mayor et als. vs. Weeks et als., 104 La. 489, upon which the defendant seems to rely, the amendment to the plaintiff's charter containing those provisions was not before us, and what we there said was predicated exclusively upon the provisions of Act No. 130 of 1898, and is inapplicable here.

Our conclusion, then, is, that the plaintiffs are entitled to recover, and it is, accordingly, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of the plaintiffs, the Mayor and Board of Trustees of New Iberia, and against the defendant, Charles Fontelieu, in the sum of one hundred and eighty dollars ($180), with interest thereon at the rate of eight per cent. per annum from November 16, 1900, until paid, and costs.

BLANCHARD, J., dissents, holding that the power to compel property holders to construct sidewalks must be conferred by the charter of the municipality and does not arise under the police power.

### On Application for Rehearing.

BREAUX, J. The defendant having voluntarily executed a note for the amount claimed is not in a position, from a legal point of view, successfully to urge that he is not indebted for the amount.

The work had been performed by the municipality. The defendant in common with the public had the use and enjoyment of the new sidewalk when, we infer, the defendant chose for his convenience in matter of payment to execute his note. At its maturity, he had. changed his mind and sought in constitutional limitations the defence

for which he now contends. Under repeated decisions, perhaps not directly in point yet having, to our mind bearing, a property owner must be held bound by his acquiescence and approval of a tax when it was intended for the common welfare in which a defendant takes a part and benefit.

There was something in the nature of a natural obligation on defendant's part to see to the repair of sidewalks in front of his property sufficient to hold him liable for the amount he assumed to pay.

This court has said: "A taxpayer who actively engages in having an ordinance passed imposing a tax which results to his own interest, and acts so as to induce others to accept the tax as legal, is estopped from setting up the illegality of the tax." Andrus vs. Police Board, 41 Ann. 697. For similar reasons one was held "estopped from questioning the legality of the tax." Dupre vs. Police Board, 42 Ann. 802.

The view that the defendant is bound by a natural obligation made binding by his own act in executing a note also finds support in Factors and Traders Insurance Company vs. New Orleans, 25 Ann. 457, citing a number of decisions in support of the text on this point.

Our attention has been called by plaintiff's attorney to the fact that the New Iberia charter contains a special delegation of power regarding the making and repairing of sidewalks. If the power has been delegated, it strengthens the view that defendant is bound on his note and that we cannot do otherwise than hold that it should be paid.

For reasons assigned, the rehearing is refused.

BLANCHARD, J., dissents, on the ground that nothing whatever in the record shows any charter authority in the town of New Iberia to compel a property holder to construct sidewalks at his expense along the property and that such power does not arise under the police power.