Eastern Dist.
*February,* 1840.

ELWYN *vs.* JACKSON ET AL.

APPEAL FROM THE CITY COURT OF NEW-ORLEANS.

ELWYN
*vs.*
JACKSON ET AL.

The City Court of New-Orleans is without authority to grant orders of seizure and sale, especially when the property to be seized is situated out of the city limits.

But the jurisdiction of the City Court of New-Orleans, does not extend to actions of a *real nature.* It is limited to actions *in personam ;* except in cases of attachment in which authority is expressly given.

A hypothecary action is one of a real nature, whether the property mortgaged be in the hands of the mortgagor or in the possession of a third person.

This suit commenced by injunction. The plaintiff was in possession of a lot of ground, situated in the parish of Jefferson, on which the defendants held a mortgage for the payment of the original price, and had obtained an order of seizure and sale from the presiding judge of the City Court of New-Orleans, which they were proceeding to execute. The plaintiff alleges, that he is in danger of being disquieted in his possession and title, by a law suit, and in danger of eviction, and the title to said lot rendered so precarious that he is unable to sell it for half price ; all of which the defendants have had full knowledge, and have failed to offer or give him the necessary security against said disturbance, but have advertised the property for sale, and caused him serious injury ; that said sale, if proceeded in, is illegal, for the following reasons : 1. There is no demand of payment before seizure, in the manner prescribed by law. 2. That this court has no jurisdiction to issue an order of seizure and sale, as has been done here. 3. The sale is improperly advertised, being for more than is necessary to cover the amount due. He prays for an injunction, staying said proceedings ; and for judgment, for one thousand dollars in damages.

The defendants admit they obtained an order of seizure and sale, after having made the necessary demand of payment, and offer of good and sufficient security, which the plaintiff refused. They negative all the other allegations in

the petition, and pray that the injunction be dissolved, with damages.

Upon these issues and pleadings, the cause was tried.

The presiding judge of the City Court, being satisfied from the evidence and showing of the parties, that the injunction improperly issued, gave judgment dissolving it, with damages, and ordered the defendants to give security for the title to the lot in question. The plaintiff appealed.

*Elwyn,* in *propria persona,* contended that the City Court had no jurisdiction, and was without authority to issue an order of seizure and sale, which is in the nature of a *real action.*

2. He contends that he was not duly notified of the seizure according to law ; or that demand was not made three days before the seizure by the sheriff.

*Eggleston,* for the defendants, insisted the court had jurisdiction to issue an order of seizure and sale, when the mortgaged debtor resided within its territorial limits. 3 *Martin, N. S.,* 652.

2. The court could entertain jurisdiction of the principal demand, which is evidenced by a promissory note, and enforce payment by ordering the mortgaged property to be sold.

3. The plaintiff had three days notice of the issuing the order before seizure, which is all that was required. *Code of Practice, article* 735 ; 7 *Martin, N. S.,* 516.

4. The evidence shows security against eviction was tendered to the plaintiff, previous to proceeding against the property, and refused by him. He had no right to demand freehold security. The injunction was therefore properly dissolved.

*Bullard, J.,* delivered the opinion of the court.

The presiding judge of the City Court having issued an order of seizure and sale, against a lot situated in the parish of Jefferson, the owner and mortgagor obtained an injunction to stay proceedings, on the following grounds :

1. Because the demand of payment before seizure had not been made, as required by law.

2. Because the court has no jurisdiction such as has been exercised in the premises ; and,

3. Because the sale is advertised improperly; that the writ should not call for a sale of more than enough to cover the amount due.

The view we have taken of this case renders it unnecessary to consider the first and third grounds. We shall confine our attention to the question of jurisdiction of the City Court.

The statute creating the City Court, (see 1 *Moreau's Digest*, 345) declares, that each of the associate judges shall severally and individually have jurisdiction and power to hear and determine all civil causes, *"except those of a real nature,"* arising within or where the defendant resides, within the limits described in the second section, &c. The fifth section defines the jurisdiction of the presiding judge of the City Court. He has power to decide in similar cases, but to a higher amount, "to hear any civil cause which is grounded upon bills of exchange, promissory notes or other moneyed obligations," &c. It is true this section does not expressly exclude *real actions* from the cognizance of the presiding judge ; but we think the whole statute must be taken together. The presiding judge and the four associate judges constitute together the "City Court of New-Orleans." The presiding judge has jurisdiction to a large amount, it is true, but essentially in the same class of cases, to wit : actions *in personam*, except in cases of attachment, the power to issue, which writ is expressly given by another section. That the presiding judge was competent to pronounce against the defendant upon his note, which evidenced the principal obligation, we do not doubt, but then it must have been according to the peculiar practice of that court, as established by the 11th section of the act. The process issued in this case was an order of seizure and sale, and the object to be seized was beyond the territorial limits of the city. "An hypothecary action, (says the Code of Practice, article 61) is a *real action*, which the creditor brings against the property which has been

The City Court of New-Orleans is without authority to grant orders of seizure and sale, especially when the property to be seized is out of the city limits.

But the jurisdiction of the City Court of New-Orleans does not extend to actions of a *real nature.* It is limited to actions *in personam,* except in cases of attachment in which authority is expressly given.

A hypothecary action is one of a real nature, whether the property mortgaged be in the hands of the mortgagor or in the possession of a third person.

EASTERN DIST. hypothecated to him by the debtor," &c. Whether the
February, 1840. property mortgaged be still in the hands of the mortgagor, or
in the possession of third persons, the action is equally a
ELWYN          a real one.
*vs.*
JACKSON ET AL.

The appellee relies upon the case of *Marigny* vs. *Hunt,*
(3 *Martin, N. S.,* 652,) to show that the judge of the place
within whose jurisdiction the defendant, in an hypothecary
action, resides, has authority to grant an order of seizure and
sale. That we do not doubt ; and by article 163, of the Code
of Practice, the plaintiff may commence proceedings either in
the parish in which the property is situated, or that in which
the defendant resides. But then it must be a competent
judge, one of general jurisdiction; and it by no means follows
that the presiding judge of the City Court has a right to
direct an order of seizure and sale, obtained *ex parte,* to the
sheriff of the parish of Jefferson.

We have also been referred to the act of 1838, amendatory
of the several acts to organize and regulate the practice of
the City Court. The third section, it is true, authorizes the
presiding judge to decide upon the rescission of a sale of real
estate, or slaves, when claimed by way of reconvention in a
suit upon a note given for the price ; but that act cannot be
construed to give the power contended for in this case. *Acts
of* 1838, *page* 56.

We conclude that the court erred in dissolving the
injunction.

It is, therefore, ordered and decreed, that the judgment of
the City Court be avoided and reversed ; that the injunction
be reinstated and made perpetual, and that the appellees pay
the costs in both courts.