## No. 6608.

### SUCCESSION OF JAMES CLONEY.

A judgment homologating the account of an administrator, where no evidence has been adduced to show the correctness of the account, is invalid.

A creditor who has been placed on the tableau of a succession, and recognized as a creditor, may appeal from a judgment homologating an administrator's account, although he may not have opposed the homologation.

The amount *to be distributed* in the homologated account of an administrator, and not the amount claimed by the appellant, determines his right of appeal.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*McGloin & Nixon*, for James Grenon, appellant.

*B. C. Elliott*, for the succession.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

SPENCER, J. On the 18th of July, 1876, the administratrix filed her ac-

count, on which James Grennon, appellant, was placed as an ordinary creditor for $350, and on which she put herself as a privileged creditor for the widow's $1000; also privileged attorney's fees for $500.

Several oppositions were filed, but none by appellant.

On the the third of August, 1876, on motion of the attorney for administratrix, and on the oath of the deputy clerk that the account had been duly advertised in the New Orleans Republican, the court homologated the account so far as not opposed, without other proof.

On the twenty-second of August, 1876, there was judgment sustaining the oppositions of certain creditors, and dismissing that of M. Hennenmann, and reducing attorney's fees to five per cent. On the same day Hennenmann moved for a new trial, which was, on the twenty-ninth of August, granted.

On the thirty-first of January, 1877, the administratrix filed in the cause, on the trial, a written waiver of her claim to the $1000, and also a consent that the attorney's fees be reduced to five per cent. The court gave judgment, reciting that all the oppositions had been withdrawn, and homologating the account as rendered.

On the sixteenth of February, 1877, James Grennon, by motions in open court, appealed from the decrees of homologation, of date August 3, 1876, and January 31, 1877.

Appellee moves to dismiss the appeal on the following grounds :

First—Appellant's claim is for only $350.

Second—The record does not contain certain papers used below.

Third—That the appeal bond is insufficient for a suspensive appeal.

First—The amount of the fund to be distributed determines the right of appeal. It is more than five hundred dollars.

Second—The papers which are properly part of the transcript have been filed. The *mortuaria* was not offered below, and therefore makes no part of the record.

Third—The bond is for the amount fixed by the court. It is good. A bond for costs is all that was required.

The motion to dismiss is overruled.

---

## ON THE MERITS.

The opinion of the court was delivered by

SPENCER, J. The appellant being placed on the account as a creditor clearly has the right to appeal from a judgment unsupported by the evidence. He is a party to the record.

We think the judgments of homologation appealed from are clearly erroneous. That of the third of August, 1876, is unsupported by any proof, even *prima facie*, of the correctness of the account. Where an

account is not opposed the administrator should at least offer proof sufficient to render probable its correctness. A judgment by default can not be confirmed, except on proof of the correctness of plaintiff's demand. We know no law that changes this rule for administrators. The judgment of the thirty-first of January, 1877, is in direct conflict with the written admissions of the administratrix. She "waives" her claim to be paid one thousand dollars by privilege, and consents to a reduction of the attorney's fees; yet the judgment homologates absolutely an account giving her this one thousand dollars and the attorney's fees without reduction.

It is therefore ordered, adjudged, and decreed that the judgments appealed-from be avoided and reversed, and that this case be remanded to the court below, to be there proceeded with according to law, appellee paying costs of appeal.