The opinion of the court was delivered by
McEnery, J.
Under specifications submitted to it by the city engineer, the City Council of New Orleans by ordinance directed the comptroller to advertise for sealed proposals for the paving of the wood side of St. Charles street from its intersection with Louisiana avenue to the terminus of the present pavement on the river side of St. Charles avenue with Rosetta or Hoskins gta vel. On the 26th day of October, 1892, the comptroller advertised for sealed proposals, as directed by the City Council, to be received at his office until the hour of 12 m. on Wednesday, November 2, 1892.
The advertisement required a deposit of $50 and a certificate of said deposit to accompany each bid.
On the day, November 2, 1892, before the hour of 12 m., the limit when said sealed proposals were to be received, the plaintiff, a foreign corporation domiciled in the city of Vicksburg, State of Mississippi, owner of beds of gravel in said State, having previously made the deposit of $50, presented and filed a sealed bid for paving said St. Charles street in accordance with the advertisement.
The Rosetta and Hoskins Gravel Company also presented bids.
The plaintiff’s bid was the lowest, but was rejected by the City Council and the bid of the Rosetta Gravel Company accepted.
There was no answer filed by the city on the rule to show cause why an injunction should not issue, and there is no evidence in the record other than that of the existence of the plaintiff corporation, the bid, and the acts of the Council and the comptroller. There was judgment for the city, and the plaintiff corporation appealed.
We are therefore compelled to decide this case mainly upon the facts alleged by plaintiff, and the official acts of the city government.
We infer from the petition that the Rosetta, Hoskins and Gunning gravel are about of the same quality, and that the'names given to the gravel are more to distinguish the several companies than to designate any particular superiority, of the gravel. They are not patent processes exclusively controlled by the owners of the patent, which would exclude competition. They are natural deposits, and there is *914 nothing in the record to show chat the bidding was intended to be confined to the two companies designated in the resolution of the City Council and the comptroller’s advertisement. The Council had the undoubted right to say with what material the streets should be paved. It selected the Rosetta or Hoskins gravel, but did not say that the companies owning the gravel should be awarded the contract. Other persons could have bid to do the paving with this material, and there is no evidence to show that it could not be procured by the bidder from the companies owning the material.
The city charter requires that the furnishing of material for public works shall be given to the lowest bidder, but there is a proviso that the council may reject any and all bids. This proviso in the charter was to obtain the work and material at the least possible cost to the tax-payer, after competition; and the proviso was intended for the same public interest and economy, to protect the tax-payer from imposition, and while inviting competition to secure good material and responsible contractors.
While the City Council would not be justified, and the courts would intervene to protect the tax-payer in such event, to arbitrarily reject a bid, and thus defeat the object to be attained by competition, it is vested with a certain discretion in rejecting bids, which will not be controlled when exercised with prudence in the public interests.
In rejecting plaintiff’s bid, we are of the opinion that the City Council acted with prudence and in the interest of the tax-payer to get material which had met with the approval of the tax-payers and to obtain a responsible contractor.
We presume from the circumstances of the case, and the absence of complaint by the tax-payers of New Orleans, although there is no direct proof of the fact, that the two rival companies, the Rosetta and the Hoskins, were well known contractors and dealers in gravel in the ciiy.'
The plaintiff is a foreign corporation, and put in an appearance on the last day on which bids were to be received. There is no evidence that it had shown that gravel owned by it was equal or superior to that of the Rosetta Gravel Company, or that it had given any evidence of its ability to do the paving with skill, and to respond in damages for inferior work. The statements to this effect are ex parte and its ability to do the work skilfully and to respond in damages are speculative.
Judgment affirmed.