The opinion of the court was delivered by
Breaux, J.
Plaintiff, a citizen, and taxpayer and owner of land on 'the street it is proposed to pave, instituted this ¿ction and sued out an injunction to prevent defendants from carrying- out a contract for paving- with asphalt St. Charles street from Canal street to the terminus of the present asphalt pavement around Lee Circle.
The grounds of complaint are that defendants required, in the proposal for bids, that all rock asphalt used in the pavement be mined from ■one or more of the natural deposits; that that from the Sicilian mines •at Ragosa, should equal in quálity and composition that mined by the United Lumber and Vervahle Rock Asphalt Company, and that that from the Swiss mines at Yal dé Travers should equal in quality and -composition that mined by the Neuehatel Rock and Asphalt Company; •or that that coming from the French mines at Seysel should equal in *2090 quality, and composition that mined by the Compagnie General des Asphalts de France.
The ground of complaint, in the second place, is that under the head of sample in the specifications, the successful bidder was required to deposit as a model, a sample not less than one foot square of the wearing surface of the sheet asphalt which had been in actual use in a street, together with a written account of its composition, and a certificate from the city officials where it had been in use showing the time it had been used on the street in which it was laid, and setting forth that the-number of square yards laid was not less than one thousand; and, lastly, that the successful bidder was required to satisfy the proper municipal authorities that the third course of wearing surface of the sheet asphaltum, or of the rock asphalt, was all that it is represented to be by furnishing testimony of its having been in successful use in roadway pavements in one or more cities for a period of a least five years.
The proposal was for the construction of a payement of sheet or rock asphalt, the one being considered of equal value to the other, and the specifications, as relates to the proposals for bids, were intended for both. They were both treated as being on the same footing and as being of equal grade.
It appears that the difference between the two, the rock and the sheet asphalt, is not considerable. The sheet apphalt has very nearly the same proportion of ingredients as the rock asphalt. When laid in a pavement, they amount, as relates to use, to about the same thing. One is the natural product of the mines, and the other is artificial, an imitation of equal-value to the original.
The adjudieatee of the contract is TI. C. Spinks, who proposes to furnish Sicilian rock .asphalt on six inch concrete at $2.58 per square yard. The lowest bidder was I. M. Kelly, who proposed to construct the pavement of sheet asphalt on six inch concrete at $2.40 per square yard. The-third bidder was the Barber Asphalt Company, whose bid was larger in amount than either of the two just named.
The defendants severed in their defense. The city and the mayor filed a plea of general denial, while Spinks filed an exception of no cause-of action and the general denial.
We think that the foregoing- is a sufficient outline of the case. In the course of the discussions, we will state such other facts as may be deemed needful. As relates to the exception of no cause of action, we know of no good reason why the action of the lower court in overruling- *2091 this exception should not be sustained, for, if, as charged by the plaintiff, the statute has not been complied with, plalintiff, who is a tax-payer and owner of property abutting on the street to be paved, has a standing in court to prevent its infringement and sustain his allegations of injury to his interests. The right of the property owner to sue out an injunction and compel obedience to a statute, has always been recognized upon allegations of threatened injury, made in apparent good faith.
Where the charter requires that a contract be awarded to the lowest' bidder, and it has not been so awarded, the tax-payer may enjoin and' prevent the consummation of the contract and bring about a re-advertisement for bids.
The exception is overruled.