On Motion to Dismiss the Appeal.
BREAUX, J.
The appellee moves to dismiss the appeal, on the ground that the court is without jurisdiction ratione materias, in that the amount involved, said the appellee, is below the minimum jurisdiction of this court.
The record shows that plaintiff and defendant, for the trial of the rule filed (asking for proper distribution of the proceeds of the sale), admitted that a sale had been made under executory process, and that the amount of the sale, viz., $2,075, was in the hands of the sheriff for distribution.
The court has jurisdiction when the amount to be distributed exceeds $2,000.
The amount claimed by plaintiff in rule is less than the amount constituting the minimum limit.
We have seen that the amount laid aside by the parties to be distributed is over that sum.
It has been repeatedly decided that the jurisdiction is to be determined by the amount of the fund to be distributed.
The distribution of the entire fund is involved.
True, the sheriff of his own motion did, after the rule had been filed, distribute part of the proceeds without the consent of the plaintiff in rule. 1-Iis action in this respect cannot result in defeating the right of appeal.
The rule filed by the plaintiff in rule was filed on the 26th of November, 1902. An amendment to this rule was filed in December following. The admission for the trial, to which we have before referred, was filed on a day of the last-mentioned month. The sheriff’s return is dated March following, in which he shows that he distributed part of the funds, which distribution would reduce the amount to less than $2,000.
Nothing shows that the parties • were aware, at the time that this distribution was made, that the sheriff had undertaken to dispose of part of the amount.
*809 We have decided to give effect to the admission as made.
This being the view of the court regarding the amount to be distributed, it is well settled that the amount to be distributed is the test of jurisdiction. Hart v. Lodwick, 8 La. 167; Buckner v. Baker, 11 La. 462; Colt v. O’Callaghan, 2 La. Ann. 190; Succession of Cloney, 29 La. Ann. 327; Picard & Weil v. Wade, 30 La. Ann. 625; Dupre & Husband v. Soye et al., 31 La. Ann. 450.
We desire it to be well understood that we look to the admission of the parties, and decide that, in view of this admission, the amount does come within the minimum jurisdiction of this court.
For reasons assigned, the motion to dismiss is overruled.
Opinion.
Plaintiff, in the rule filed in November, 1902, seeks to recover an amount withheld by the sheriff, to be paid in satisfaction of a paving bill said by plaintiff to be secured by a lien on the property in front of which the paving was done. It appears that defendant was the owner of the property when the paving was laid. Afterward the vendor’s mortgage was foreclosed, and the property was sold. The avails of the sale were deposited in court, and, in this rule, plaintiff claims of these avails as much as will pay his paving bill, which his transferee still owns.
The contention of the plaintiff in rule, Adler, is that this lien for work is null, because, as this plaintiff urges, section 32 of Act No. 20, p. 29, of 1882, as amended by Act No. 113 of 1886, p. 209, under which he avers the paving was done, is unconstitutional and illegal.
On the 5th of December, 1902, plaintiff filed an amendment to his rule, in which he pleaded the additional ground that if Bacas, defendant in rule, were successful in collecting- his claim, it would be in effect the “taking of private” property for public purposes without compensation; that it would divest him of his property without process of law; that the plain terms of the statute before cited had not been followed; and, lastly, plaintiff in rule pleads the prescription of three years against the tax lien and privilege, and he prays that they be erased from the mortgage records.
The petition of the property holders to the city council to contract for and have laid a concrete pavement sets forth, “with concrete gravel from the Rosetta gravel hills of Mississippi.” Upon this petition the council ordered the usual advertisements which were made for paving with the gravel in question, and the ordinance of the board provided for sealed proposals to pave with that material. It (.the ordinance) was adopted by the city council in due time, and the contract was awarded. The record does not inform us whether any other contractors offered to bid upon the property.
We for the moment pass the different pleas urged, in order to take up the last in the order presented in the pleading, viz., prescription. This plea is grounded on article 186 of the Constitution of 1898, to wit:
“No mortgage or privilege on immovable property shall affect third persons, unless recorded or registered in the parish where the property is situated, in the manner and within the time as is now or may be prescribed by law, except privileges for expenses of last illness and privileges for taxes, state, parish or municipal; provided such tax lien, mortgages, and privileges, shall lapse in three years from the 31st day of December, in the year in which the taxes are levied, or whether now or hereafter recorded.”
The work of paving the street was done in 1895. No suit was brought for the amount prior to the present suit, and nothing was done to retain the rank and force of the lien; none the less, we do not think that the lien and privilege is prescribed, even if this locaf assessment is to be considered as a tax. ■
*811 ‘The following are our reasons for thus concluding, viz.:
The lien and privilege, it is ordained by the Constitution, shall not affect third persons after three years have elapsed from the “31st day of December, in the year in which the taxes have been levied.”
Plaintiff in rule, Adler, was not a third person, and is, in consequence, not entitled to the benefit of the article of the Constitution.
True, he was not personally indebted for the amount, taking as we should, Rosetta Gravel Co. v. Adler, 52 La. Ann. 693, 27 South. 183, as an authority upon the subject; but he was the owner at the time of the completion of the work, and at the date the property was sold in satisfaction of an indebtedness of plaintiff in rule, Adler, secured by vendor’s lien. The amount of the claim for paving came up for collection from the avails of the sale in the foreclosure proceedings by Bacas against Adler. The property was liable for all mortgages and liens, and it follows that, if the claim of defendant was valid, it had to be paid out of the proceeds.
It follows that the owner of the property on the day of the sale in the foreclosure proceedings was not a third person as relates to the avails of the sale. They (the avails) went into the hands of the sheriff affected with the same liens and mortgages there were on the property prior to its sale, and the owner prior to the claim cannot be heard to lay claims to these avails as a third person. As he, Adler, was not a third person, he is not entitled to the benefit of those laws intended to protect third persons exclusively,
We have considered the contention upon the assumption that the local assessment here is a tax, and held that, even from that standpoint, the claim is not prescribed. Several decisions of this court hold that the local assessment made on the petition of the property owners is a tax only when such an assessment is levied without the petition of the property owners. Rosetta Gravel Company v. Jollisaint, 51 La. Ann. 808, 25 South. 477.
We deem it proper to state, in connection with the foregoing, that the work was not done under the provisions of Act No. 119 of 1886, p. 217, but it was done under Act No. 113 of 1886, p. 209, in accordance with petition of property owners.
In the former case — that is, under Act No. 119 — it has been' held that this court has jurisdiction, as it was not a tax. See Shreveport v. Prescott, 51 La. Ann. 1895, 26 South. 664, 46 L. R. A. 193.
But this court holds that it has not jurisdiction of claims arising under Act No. 119, as it is not a tax.
The last utterance of the court sustaining this ground will be found in Kelly v. Chadwick, 104 La. 722, 29 South. 295, in which the court said:
“The law under which the proceeding here was taken, section 37 of Act No. 20, p. 30, of 1882, as amended by Act No. 119, p. 217, of 1886, as amended by Act No. 142, p. 179, of 1894, authorized this city council to levy the charge by simple ordinance (a 2/3 rate adopting same) without any precedent application of the owners thereof” (italics ours) —and not under Act No. 113.
In our case there was a precedent application as required by Act No. 113 of 1886, p. 209. As it is not a tax, it follows that the claim is not presented, as it is not subject to the prescription of three years, laid down in the Constitution as before stated.
The next ground of defense urged by the plaintiff in rule is that the contract in question entered into by the city with the contractor to pave the street is in violation of a prohibitory law, and ultra vires, because in awarding the contract all competition was excluded.
As relates to the material for the paving, *813 the record shows, as we have before stated, that the petition of the property holders calls for paving with concrete gravel from the Rosetta gravel hills of Mississippi, and the ordinance authorizing the comptroller to advertise for bids for paving with Rosetta gravel. The advertisement of the comptroller called for paving with Rosetta concrete gravel.
We are not inclined to the view that, under the rule laid down in the Gunning Gravel Oo. Case, 45 La. Ann. 917, 13 South. 182, it is possible, legally, to adjudicate a contract to a bidder who proposes to do the work of paving with materials controlled by him alone, and thereby exclude all other bidders for the contract.
In Redersheimer v. Flower, Mayor, 52 La. Ann. 2089, 28 South. 299, the court held that competition should be free and general, carrying out a principle which is not controverted in the cited case, supra, as we take it.
But here the question of competition vel non does not enter into the issues of the case, for the reason that the objection was not timely urged by plaintiff in rule.
The amount originally due was.....$1,072 00
Now reduced to.................... 709 82
After these many years, and after having paid part of the' indebtedness, it is no longer in time to urge that the contract was not adjudicated to the lowest bidder, or, rather, to be more accurate, that bidders were deterred from bidding because the council erred in assuming that the words “character or quality of said pavement,” to quote from section 32 of the city charter, left it to that body to stipulate for Rosetta gravel.
In addition to the foregoing, the plaintiff in rule wrote in January, 1903, to Peter Stiff, whose name appears in the record as being the ■ receiver of the Rosetta Gravel Company, as follows:
“I would like very much to call on you in regard to the Gravel claim, but I am not in a position to offer you anything, I haven’t anything to offer except those lots on Tulane avenue, and they are mortgaged. I am going to Chicago and perhaps may be able to make arrangements with my son-in-law there to wipe that claim out.”
The city charter provides: “If at the expiration of said publication so made of said petition, a majority of the owners of said real property fronting on said street, or on said portion thereof, shall not, by petition or otherwise, signed by the petitioner or petitioners, object, then the council shall order the work to be done.”
No objection was raised by any one. On the contrary, time passed, payments were made, and a letter written as before mentioned.
The rule has frequently been announced that property owners who, with knowledge of irregularities in the proceeding for public improvement to be paid for by special assessment, acquiesce in the construction of the improvements, and receive the consequent benefit to their property, are estopped to contest the validity of the assessment imposed. Eng. & Am. Ency. of Law, vol. 25, p. 205.
We understand here that the municipality had the jurisdiction to make improvement.
Again, we have not found that the contract is attacked on the ground that persons who otherwise would have bid were deterred from bidding.
In Paving Company v. City, 45 La. Ann. 917, 13 South. 182, the court said:
“There is not one single word in plaintiff’s petition accusing the common council of New Orleans with having acted arbitrarily, fraudulently, or improperly in any manner.”
- In the case before us for decision, not only there is no allegation to that effect, but there is no allegation attacking the contract, which we would have to declare null and void, in order to arrive at the conclusion that plaintiff in rule, Adler, is not liable.
*815 This brings us to a consideration of the objection urged to the clause of the contract known as the “maintenance clause”; that is, the clause imposing the costs of maintaining and sprinkling the streets, which, as inserted in the contract, did, as plaintiff in rule contends, increase the burden of the property owners.
This defense should have been timely urged and should have been specially pleaded.
With reference to an objection equally as serious to the one just stated, the Supreme Court of the United States said in Chadwick v. Kelley, involving issues very similar:
“But we think such a consequence is too far-fetched and uncertain on which to base judicial action. The plaintiff in error did not raise such a question in time to stay the work in limine. He waited the completion of the work, and until his property had received the benefits, whatever they were, of the improvement. Nor did he on the trial adduce any evidence from which the court might have found that the actual cost in the present case was increased by the operation of the ordinance. Possibly the effect of the ordinance in preferring the labor of resident citizens might tend to increase the cost of the work, or it might have the opposite effect by inducing outside laborers to become resident citizens. But, as we have said, such conjectural results are too remote and uncertain to furnish materials for judicial determination. The serious duty of condemning state legislation as unconstitutional and void cannot be thrown upon this court, except at the suit of parties directly and certainly affected thereby.” 187 U. S. 546, 23 Sup. Ct. 178, 47 L. Ed. 293.
In another case the same principle is laid down:
“The maintenance clause in the contract, by which plaintiff company binds itself to keep the streets in good order and condition for a term of five years, must be construed with reference to the specifications for the work and the bid of the plaintiff thereon. The latter contained the guaranty that Trinidad Pitch Lake asphalt would be used, and that the work would be constructed in such manner that the same would endure without requiring repairs for five years, but that if repairs should become necessary, plaintiff company would make same at its expense.
“It thus appears that plaintiff’s understanding was to lay paving consisting of such materials and put down in such manner as to endure for five years without repair, and it guarantied its work to be of such character. If not of such character, the loss would fall on the company, at whose expense the repairing needed within five years would be done.
“This clause is not legally objectionable. It is regarded as simply a guaranty of the quality of the work contracted to be done, and does not render the contract void, as increasing the burden of abutting owners by requiring them to pay for keeping the pavement in repair for the period of five years after its completion. It is an incident of the contract — not an independent undertaking.
“After one-fourth of the property holders had petitioned for the improvement, after their petition had been published for the time the law requires, and after, m the absence of objection by a majority of the property holders to the work, it had been ordered by the city council and completed by the contractor, it comes too late for this defendant property holder, or any one claiming under him, to raise the defense that his property has not been benefited by the improvement.
“Especially is this so in the absence of any averment of fraud or dishonesty on the part of the city council in carrying into execution the provisions of the law, and in the-absence of any warrant for holding that the statute is on its face so unjust and oppres *817 sive as to justify the court in interfering.” (Italics ours.) Barber Asphalt Paving Co. v. Watt, 51 La. Ann. 1352, 1353, 26 South. 73.
It is very well settled that neither party to the contract can avail himself of such a defense when his contract has been fully performed by the other party, and he has received the full benefit of the performance and of the contract. A. & E. Ency. of Law, p. 300.
The certificate of the engineer was recorded in due time, accepting the work. It was defective, but a new certificate was recorded while Edward Adler was the owner of the property, in order to conform with the decision of this court in the Watt Case, 51 La. Ann. 1345, 26 South. 70.
For reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, affirmed.
MONROE, J. I concur in the decree.
(Feb. 1, 1904)
(June 21, 1904.)