On the Merits.
[2]In matter compelling taxpayers to pay for alleged local improvements (without consulting them), there ought to be a full compliance with the laws and ordinances. We quote the paragraph of the syllabus in a pertinent case, to wit, Asphalt Co. v. Watt, 51 La. Ann. 1345, 26 South. 70:
“Statutes exercising the power of taxation in any of its forms or delegating that power to political subdivisions are to be strictly construed and closely pursued.”
[3] In the case before us for decision, •there was failure as relates to pursuing the plain meaning of the statute, and an open disregard of its requirements. The authorities of the town directed that notice be given inviting bids to pave the sidewalks. That was the requirement of the law, in addition to the ordinance that ten days’ notice be given. Accordingly notice was given for bids to construct concrete sidewalks, as set forth in specifications, time limited to hand in the bids, viz., 7 o’clock p. m. of July 6, 1909. The date for receiving the bid was July 6th, as just stated. The first advertisement was made on June 25th preceding, but the bid was opened on the 5th of July, so that on that day it had not been advertised the required number of days. After the bid had been opened, another bidder presented himself; he met with no encouragement ; it was stated to him that the bid had been awarded. It had been received and opened on July 5th, 24 hours before the appointed time. The contract was entered into with the bidders, Dejersey and Barnard.
A disregard of the time was a fatal illegality. Advertisements for bids are of importance. It is the part of municipal publicity required of municipalities. If the law is not observed, the contract awarded is null and void. Redersheimer v. Flower, 52 La. Ann. 2089, 28 South. 299; Dillon on Municipal Corporations,. § 466; 15 American and English Encyclopedia of Pleading, 1093; 51 La. Ann. 1345, 26 South. 70; Cooley on Taxation, p. 419; Tiedeman on Municipal Corporations, § 466; Black on Interpretation of Laws, 37, 300.
[4] Plaintiff urges that these illegalities were cured by the fact, as it alleges, that defendant remained quiescent, did not pro *934 test, stood by and allowed tbe work to be done and tbe improvements made.
We have not found that these allegations are sustained by the facts. Sufficient to state it is a fact: The defendant actively protested on the 6th day of July, 1909, against the alleged right and authority to enter into any contract to construct a sidewalk in front of his property, and added that the protest was made to reserve all his legal rights to resist all ordinances adopted with the view of constructing concrete sidewalks. There is no evidence at all of assent on his part. Nothing suggests that he looked upon the work with the least favor. On tbe contrary, he strongly urged that the pavement made, owing to the direction of the sidewalk, was a damage rather than an improvement.
At this point our attention is directed to the complaint that plaintiff did not allege that the contract was left to Dejersey and Barnard “after it had complied with the requirements of law and after open competition for the contract.”
Our attention is also called to the fact that it was not alleged that the work was done in accordance with plans and specifications as the contract demands.
In these omissions it does not appear that plaintiff has not alleged a cause of action sufficient to enable it to recover a judgment.
We are certain that the first point is fatal; that notice should have been given, as above mentioned.
There are other points alleged. We will not dwell upon them, for the point we have discussed is sufficient to dispose of the case. We will state, however, before closing, without specially deciding, that we find no merit in defendant’s point that two members of the board had accepted .other offices, and therefore were not legal members of the town council, and in consequence there was no quorum, and the ordinance was not legally adopted. It is also an objection urged against these members that they were voting to improve their respective properties. Not the least objection was made to the sitting members at the time, and, furthermore, the attack is collateral, and one which cannot be entertained at this time. Villavaso v. Barthet, 39 La. Ann. 249, 1 South. 599.
We are very decided in the view that the first point above must be sustained.
The defendant pleaded in reconvention for $1,000 damages. The, evidence does not show that there is any good ground for awarding damages in this suit. The judge of the district court chose to dismiss this demand and reserve to defendant the right to sue. That was all that could be done in this suit.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed, rejecting plaintiff’s demand, and that the defendant’s demand for $1,000 damages in reconvention is dismissed as in case of nonsuit, at plaintiff’s costs.