SOMMERVILLE, J.
This case has been transferred by the Court of Appeal, First Circuit of Louisiana, to this court with the accompanying statement:
“Plaintiffs, alleging themselves to be creditors of L. A. Trosclair in the sum of $378.04 for coal furnished to the defendant for the purpose of making, saving, and manufacturing into sugar and molasses his crop of sugar cane grown by him on his Laurel Grove plantation, in the parish of Lafourche, and alleging the lien and privilege granted by law in their favor as furnishers of supplies, prayed for a writ of sequestration under which the sheriff seized and sequestered two tanks of third sugars containing about 60,-000 gallons, valued at $2,400.
“Le Bourgeois & Bush, a commercial firm, then appeared in this suit by intervention and third opposition. They allege that defendant is indebted to them in various sums aggregating over $100,000, secured by lien and privilege and by pledge and pawn on the crops made by said defendant on his Laurel Grove plantation, that their said privileges are higher in rank than that purported to be held by plaintiffs on the said crops, and especially on the third sugars herein seized and sequestered by the plaintiffs, and that they are entitled to be paid by preference and priority over plaintiffs. They further allege that the property under seizure is of a value not more than $7,000, and they finally pray that the sheriff be ordered to restore possession of said sugar and molasses to them as pledgees thereof and recognizing them, interveners and third opponents, as the first privilege creditors of said defendant, L. A. Trosclair, all at the cost of said plaintiffs.
“Trosclair, defendant, made no appearance, and judgment by default was confirmed against him, and after due trial, the district court further rendered judgment in favor of plaintiff, rejecting and dismissing the demand of the interveners and third opponents, and from this judgment the said interveners and third opponents appealed to this court.
“It appears from the foregoing statement of the pleadings and facts of this case that the whole controversy pending between the parties is a contest as to which primes the other on property admittedly worth between $2,400 and $7,-000. The amount in controversy is then clearly above the jurisdiction of this court. Denegre v. Tebault, 130 La. 283, 57 South. 929; Bacas v. Adler, 112 La. 806, 36 South. 739.
“We therefore feel compelled to decline jurisdiction of this appeal ex proprio motu, reserving, however, to the appellants the rights granted them by Act No. 19 of 1912.
“For these reasons, it is therefore adjudged and decreed that, in pursuance of the provisions of Act No. 19 of the General Assembly of the’ *324 stata of 1912, this case be transferred to the honorable Supreme Court of this state; interveners and appellants to pay costs of this court.”
The court has failed to consider article 95 of the Constitution, as amended by the joint resolution of the General Assembly, known as Act No. 137 of 1904, p. 307, which is as follows:
“In all cases where there is an appeal from a judgment rendered on a reconventional, or other incidental, demand, the appeal shall be to the court having jurisdiction of the main demand.”
The main demand in thisl case is for $378.04, and the appeal from the judgment in the case on that demand, and other incidental demands, in the case was to the-Court of Appeal.
The intervention and third opposition of Le Bourgeois & Bush was an incidental demand in the case, and the appeal in such case lies “to the court having jurisdiction of the main demand.”
The decision of this court in Bacas v. Adler, 112 La. 806, 36 South. 739, and referred to by the Court of Appeal, was rendered prior to the amendment of article 95 of the Constitution, and can therefore have no application.
The other case, Denegre v. Tebault, 130 La. 283, 57 South. 929, involved the right of a state tax collector to a writ of certiorari from this court, where he was not a party to the suit originally, and where he had filed a rule, under the law, in the proceeding claiming taxes out of the proceeds of the sale of certain property. There was judgment partly in his favor, and he applied to this court for a writ of certiorari to review the judgment of the trial court. The writ was denied on the ground that the Court of Appeal had jurisdiction of the case. Neither the original plaintiff nor defendant was before this court. The contest was between -the tax collector and the civil sheriff.' No reference was made to article 95 of the Constitution, as amended. The court stated:
“The question to be decided is whether the amount of the taxes is due on $12,500, or on $1,292.90.”
And the court ruled;
“The parties are left to their remedy before the tribunal having appellate jurisdiction.”
The ruling is not authority in this case.
This court is without appellate jurisdiction in this case.
It is therefore ordered, under section 1 of Act No. 19 of 1912, p. 26, that this case be transferred to the Court of Appeal, First Circuit of Louisiana, to be there proceeded with as if it had never been transferred to the Supreme Court.