of his succession consists in his inheritance from his mother, who died after the time at which the advances in question are alleged to have been made.

The petition was excepted to, as showing no cause of action, because there is no allegation that the son had attained his majority and was capable of contracting at the time the advances were made; and because, even if he was a major, the father was under obligation to support him; and, finally, because by the terms of the contract he was to repay these advances only when he should have secured such a start in his profession of civil engineering as to be in a position, financially, to repay these advances, and that he died before this time had arrived.

On this last ground, if not, also, on the others, the exception was properly sustained.

Judgment affirmed.

---

(81 South. 598)

No. 23348.

CLADE v. LA SALLE REALTY CO.

In re CIACCIO.

(March 31, 1919. On Application for Rehearing, May 5, 1919.)

*(Syllabus by the Court.)*

1. COURTS ☞188(10) — CITY COURTS — JURISDICTION.

The city courts of New Orleans are vested with jurisdiction to enforce a paving lien securing a claim not exceeding $100, exclusive of interest.

2. MUNICIPAL CORPORATIONS ☞519(5) — COURTS ☞224(7) — SUPREME COURT — JURISDICTION—PAVING LIEN—"TAX LIEN"—DURATION.

A paving lien may be regarded as a "tax lien" within the broad terms of article 85 of the Constitution, whereby the appellate jurisdiction of this court is extended to "all cases in which the constitutionality or legality of any tax, toll or impost, whatever * · * * shall be in contestation,"·but it cannot be so regarded in the sense in which that term is used in the proviso contained in article 186 of the Consti-

tution, whereby it is declared that "such tax liens, mortgages, and privileges, shall lapse in three years, from the 31st day of December in the year in which the taxes are levied."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Tax Lien.]

3. MUNICIPAL CORPORATIONS ☞586 — REPAIR OF SIDEWALKS—RIGHTS OF CONTRACTOR.

Act 70 of 1910, authorizing the construction and repair of "sidewalk pavements," while requiring the consent of the owner of the abutting property, contemplated tHat the contractor should look to the property, not to the owner (beyond his interest therein), for his compensation.

Action by John Clade, Jr., against the La Salle Realty Company and Dominic Ciaccio. Judgment for plaintiff, and Ciaccio applied for certiorari or writ of review. Judgment modified, and writ of certiorari denied.

John R. Upton and Theodore Cotonio, both of New Orleans, for applicant.

Wm. V. Seeber, of New Orleans, for respondent Clade.

Statement of the Case.

MONROE, C. J. In March, 1917, plaintiff brought suit in the First city court of New Orleans on a paving certificate, issued on August 28, recorded September 10, 1913, subsequently transferred to him, and operating as a lien upon certain property on Dumaine street, of which, when the paving was done, the defendant company was the owner, the amount called for by the certificate (and contract price for the work) being $100.81, but the amount claimed being $100; and the prayer of the petition being for judgment against defendant for that sum, with interest, recognition of lien and privilege on the property, and decreeing that same be sold and the proceeds applied to the payment of the claim.

Defendant excepted, on the ground that the action is one affecting immovable property, of which the city court is without jurisdic-

tion, and (with reservation of rights) that the petition discloses no cause of action against defendant, and is barred, as to the lien upon the property, by the prescription of one and three years. Still reserving its rights, defendant answered, denying that the requirements of the law leading to the contract for the paving had been complied with, and alleging that, in July, 1915, it had sold the property in question to Dominic Ciaccio, and that the certificate of mortgages, then issued, showed no incumbrance thereon. There was judgment in the city court, for plaintiff, as prayed for, which was reversed on appeal, and the case remanded in order to afford an opportunity to make Ciaccio a party defendant, which having been done, there was judgment against him and the property, and, on his call in warranty, against the original defendant which was affirmed on appeal. As to the fact that the mortgage certificate failed to show the paving claim here in question, the applicant herein states, in his petition, that the question thus suggested is not an issue in the case, and it will not be so considered.

### Opinion.

[1] I. The First city court, in New Orleans, is vested (inter alia) with exclusive original jurisdiction in all civil cases where the defendant resides on the left bank of the Mississippi river and the amount in dispute or fund to be distributed does not exceed $100, exclusive of interest, "including suits for the ownership or possession of movable property not exceeding that amount in value; and suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed that amount." Const. art. 143.

Neither the Constitution nor any statute that we know of confers upon the court jurisdiction of suits involving title to immovable property, or the possession thereof, save as between landlord and tenant. On the other hand, the grant of jurisdiction in "all" (civil) "cases" involving not more than $100 in principal is a broad one, and, as we think, includes an action to enforce a lien upon immovable property for an amount not exceeding $100, exclusive of interest. In the case of Elwyn v. Jackson, 14 La. 411, to which we are referred, the court was dealing with the jurisdiction of a city court of 1840, conferred by a statute of anterior date, which expressly excepted from that jurisdiction actions of "a real nature," and it held that a seizure and sale, in foreclosure of a mortgage, was included in the exception.

In State ex rel. Buisson v. Judge, 33 La. Ann. 419, this court, construing article 135 of the Constitution of 1879, which conferred upon the city courts of New Orleans "exclusive and final jurisdiction over all sums not exceeding $100, exclusive of interest," but did not, as does article 143 of the present Constitution, in express terms, confer jurisdiction in "suits for the ownership or possession of movable property not exceeding that amount in value," or "suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed that amount," held that, under article 258 (of the Constitution of 1879), article 1068 of the Code of Practice, though referring in terms to justices of peace, was also applicable to their successors, the city courts, and, not being inconsistent with the provision of the Constitution, that it denied to those tribunals jurisdiction in suits involving the possession of immovable property (suits by landlords for possession of leased premises being excepted from that ruling). The article mentioned, however, declares that—

"Justices of the peace have no jurisdiction where the right of property or the possession of an immovable is called in question, etc."

So that, the decision quoted is equally applicable to cases involving the ownership as to those involving merely the right of possession of immovables. And the doctrine has been so applied in a later case. Quaker Realty Co. v. Labasse, 131 La. 997, 60 South. 661, Ann. Cas. 1914A, 1073. A suit to enforce, against immovable property, a lien securing a claim for money, no more involves the ownership or right of possession of such property than does a suit for the recovery of the money or for the enforcement of the judicial mortgage which may result from the registry of the judgment obtained in such suit. The authorities cited are therefore inapplicable to this case, and the exception to the jurisdiction of the city court was properly overruled.

II. The applicant relies upon the prescription of three years, established by article 186 of the Constitution, as a bar to the enforcement of the lien upon the property. That article declares that no mortgage or privilege on immovable property shall affect third persons unless recorded as required by law, except privileges for expenses of last illness, and "for taxes, state, * * * parish, * * * or municipal; provided such tax liens, mortgages, and privileges, shall lapse in three years from the 31st day of December, in the year in which the taxes are levied, and whether now or hereafter recorded."

Obviously, the proviso refers to the "state, parish, or municipal" taxes, just previously mentioned, and is confined in its application to those taxes; whereas, under article 85 of the Constitution, the appellate jurisdiction of this court extends to all cases in which the constitutionality or legality of any tax, toll or impost, whatever * * * shall be in contestation."

[2, 3] It may very well happen, therefore —and has happened—that a charge, imposition, local assessment, or forced contribu-

144 LA.—32

tion, will be held to be a tax, within the meaning of the broad terms used in conferring appellate jurisdiction on this court, and yet will not be so held within the meaning of the proviso to article 186 of the Constitution, which is limited in its application to taxes, proper, such as are levied by state, parish, municipality, or other state agency, equally and uniformly throughout their respective territorial limits, for public purposes, and the proceeds of which inure to the public fisc, or to some agency charged with the exercise of governmental functions. The claim upon which the plaintiff herein brings suit is for material and labor furnished by his assignor in laying a "sidewalk pavement" in front of the property upon which he asserts the lien, and the work is shown to have been done in accordance with an ordinance and contract, the terms of which were regulated by Act No. 70 of 1910, whereby the commissioner of public works was authorized, after notice to the property owners upon a single block, or, in case they were unknown, posting notices "in or about the premises," to construct, reconstruct, or repair their sidewalks, and, upon their failure so to do, within 20 days, to have the work done, and, upon its completion, to certify bills for the cost which upon nonpayment within 10 days after presentation were authorized to be recorded and were thereafter to operate as a first lien, "superior to the vendor's lien, or any privilege or mortgage on said property, except for taxes, and * * * thenceforth bear interest at the rate of five per cent. per annum until paid." It is evident therefore that the charge imposed upon the property was not intended as, and was not, a tax in the sense in which taxes are referred to in article 186 of the Constitution, since that article excepts the privilege for taxes from the requirement of registry, as a condition to its having effect against third persons; and it is equally evi-

dent that the objection of nonregistry, as originally made by the applicant herein, was wisely withdrawn, since he could not, consistently, have urged that objection and, at the same time, contend that the charge in question was a tax within the meaning of the proviso to the article 186.

Our conclusion, then, is that, whilst the lien here in question—being, as it is, a charge imposed by the government upon the property of the applicant without his consent—may, under the broad language of article 85 of the Constitution, and for the purposes of an appeal to this court, be regarded as a tax lien (State ex rel. Hill v. Judges, 46 La. Ann. 1300, 16 South. 219; City of Shreveport v. Prescott, 51 La. Ann. 1895, 26 South. 664, 46 L. R. A. 193; Town of Minden v. Stewart, 142 La. 467, 77 South. 118), it cannot be so regarded in the sense in which that term is used in the proviso contained in article 186; and hence did not "lapse" at the expiration of three years, but remains effective until the claim secured by it shall have been paid (Rosetta Gravel Co. v. Jollisant, 51 La. Ann. 808, 25 South. 477, and authorities there cited; Kelly v. Chadwick, 104 La. 722, 29 South. 295; Bacas v. Adler, 112 La. 812, 36 South. 739).

III. Upon the remaining question presented, the case is with the defendant (applicant in this court). The work of paving was authorized under the statute, irrespective of the ownership of the property in front of which it was to be done, and, whether the owner was known or unknown, the statute clearly contemplated that the contractor should look to the property for his payment.

As was said by this court, in Barber Asphalt Co. v. Watt, 51 La. Ann. 1354, 26 South. 74, concerning Act 113 of 1886, so we say concerning Act No. 70 of 1910:

"We think the true meaning and intent of the act is to impose a charge for street improvement upon the property benefited by the same, and not to declare, further, the personal liability of the owner over and above and beyond the property affected. J    had the act gone to the extent of imposing a personal obligation upon the property owner, a constitutional question of serious import would be raised."

See, also, Rosetta Gravel Co. v. Jollisant, 51 La. Ann. 804, 25 South. 477; Kelly v. Mendelsohn, 105 La. 490, 29 South. 894; Bacas v. Adler, 112 La. 811, 36 South. 739.

It is therefore ordered that the judgment here made the subject of review be amended and recast so as to read as follows to wit: It is ordered that the judgment appealed from be amended by adding thereto the words: It is further decreed, however, that this judgment be, and is hereby made, executory only as against the property upon which the lien asserted by plaintiff is recognized; it not being the intention to condemn the defendants, or either of them, as liable herein beyond the interest which it, or he, may have in said property.

It is further ordered and decreed that, in all other respects, the demands of the applicant herein be rejected and the application denied; the cost hereof to be paid by the plaintiff in the suit and from the proceeds of the property in the proportion of one-half by each.

On Application for Rehearing.

PER CURIAM. It is ordered that the concluding paragraph of the decree herein handed down be recast and amended so as to read as follows, to wit:

It is ordered and decreed that in all other respects the demands of the applicant herein be rejected and the application denied; the cost hereof to be paid by the plaintiff in the suit. Rehearing refused.