No. 10,294
Orleans

---

JAMES DEMOURELLE & SONS, INC., v. DANIEL W. CARAWAY, Appellant

---

(January 4, 1926, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Courts—Par. 88. 89.
The First City Court, in the exercise of its original concurrent jurisdiction of "all suits for monied demands above one hundred and not exceeding three hundred dollars", as conferred by the Constitution of 1921, has authority to enforce a building lien.

Appeal from First City Court of New Orleans. Hon. W. Alexander Bahns, Judge.

This is a suit for the collection of account for building material sold and delivered.

J. G. Schilling, of New Orleans, attorney for plaintiff, appellee.

Puneky & Barreos, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The plaintiff corporation claims $152.65 to be due it by defendant, alleging that it sold and delivered to the Star Lumber Company, Inc., with whom it is alleged defendant contracted to erect a building, certain building materials aggregating the amount sued for; that the materials so sold and delivered actually entered into the construction of defendant's building; that no building contract was recorded in the mortgage office, nor bond executed by defendant, and that, under the circumstances, he has a lien and privilege on plaintiff's property which is described in the petition, and that defendant is personally liable therefor. Plaintiff prays for judgment against defendant with recognition of a lien and privilege upon its real estate described in the petition.

Defendant filed exceptions of vagueness, non-joinder, jurisdiction and no cause of action; and, in effect, a general denial. All exceptions were overruled and judgment rendered against defendant as prayed for. Defendant has appealed.

The exception of vagueness seems to have been abandoned, as we have heard nothing of it in this court. The exception of non-joinder is not well pleaded, as it nowhere appears what party defendant has been omitted, who should have been included in the litigation. We surmise that reference is made to the Star Lumber Company, but we are unwilling to conjecture, and without expressing any opinion upon the merits of this exception we will observe that its merit must plainly appear and

some injustice clearly made evident before we would be willing to disturb the conclusion of the trial court in this regard. The exception to the jurisdiction and that of no cause of action are both based upon the argument that plaintiff's demand in this case is a real action in that it seeks to enforce a lien upon immovable property, and that the First City Court is without jurisdiction to enforce a lien upon real estate. This argument is completely refuted by the opinion in the case of Clade vs. LaSalle Realty Co., 144 La. 989, 81 South. 598, which seems to have entirely escaped counsel's attention.

The court in the cited case was discussing the jurisdiction of the City Court as it existed, prior to the Constitution of 1921, as limited to "all cases involving not more than $100.00 in principal", but the principle is equally applicable to this case, where we are considering the additional jurisdiction as conferred by the Constitution of 1921, which that court now has concurrently with the Civil District Court. The language of the Constitution in granting the original exclusive jurisdiction is now, and was, under the Constitution of 1913, as considered in the Clade case, almost identical with the words used in the Constitution of 1921, conferring additional original and concurrent jurisdiction. In one case, the court is given jurisdiction, "in all cases when the amount in dispute, or the fund to be distributed, does not exceed $100.00". In the other case, "said court shall also have jurisdiction concurrently with the Civil District Court of all suits for monied demands above one hundred dollars and not exceeding three hundred dollars".

.The court in the Clade case said:

"Neither the Constitution nor any statute that we know of confers upon the court jurisdiction of suits involving title to immovable property, or the possession thereof, save as between landlord and tenant. On the other hand, the grant of jurisdiction in 'all' (civil) 'cases' involving not more than $100.00 in principal is a broad one, and, as we think, includes an action to enforce a lien upon immovable property for an amount not exceeding $100.00, exclusive of interest. In the case of Elwyn vs. Jackson, 14 La. 411, to which we are referred, the court was dealing with the jurisdiction of a city court of 1840, conferred by a statute of anterior date, which expressly excepted from that jurisdiction actions of 'a real nature', and it held that a seizure and sale, in foreclosure of a mortgage, was included in the exception."

The exceptions were properly overruled.

On the merits, such defense as is made is very weak, and it is apparent that no reliance is placed upon it. At any rate, we think plaintiff has made out his case. We will not allow damages for frivolous appeal as prayed for by plaintiff and appellee.

For the reasons assigned the judgment appealed from is affirmed.