No.——

First Circuit

---

## WILLIAMS v. ANDERSON

SANDOZ & SANDOZ, Third Opponents and Intervenors

---

(January 7, 1927. Opinio· and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Courts—Par. 14.

Under Section 1 of Article VII of the Constitution of 1921 an appeal from a

judgment on an incidental demand lies to the court having jurisdiction of the main demand.

2. **Louisiana Digest—Intervention—Par. 1, 13.**

A third opposition and intervention is an incidental demand.

3. **Louisiana Digest—Garnishment — Par. 6, 28.**

The funds of a justice of the peace collected for third parties but placed in his individual account are subject to garnishment.

Appeal from District Court of St. Landry Parish. Hon. B. H. Pavy, Judge.

Action by W. B. Williams against J. F. Anderson, Third Opposition and Intervention of Sandoz & Sandoz.

There was judgment for plaintiff and intervenors appealed.

Motion to dismiss appeal overruled.

Judgment affirmed.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for plaintiff, appellee.

Sandoz & Sandoz, of Opelousas, attorneys for intervenors, appellants.

LECHE, J.  W. B. Williams obtained a judgment against J. F. Anderson for one hundred and eighty-one dollars. He thereafter garnisheed under a writ of fieri facias the sum of ninety and 15-100 dollars on deposit in the Merchants and Farmers Bank of Melville in the name of Anderson, defendant. Third opponents and intervenors then appeared and alleged that of the amount so garnisheed the sum of seventy-eight and 11-100 dollars belonged to them, and they prayed to be adjudged the owners of same.

The trial court refused the demand of the third opponents and intervenors, and they have appealed.

Plaintiff, appellee, moves to dismiss the appeal on the ground that the amount in contestation is below the jurisdiction of this court.

Section 1 of Article VII of the Constitution provides that an appeal from a judgment on an incidental demand lies to the court having jurisdiction of the main demand. A third opposition and intervention is an incidental demand. Jung & Sons Co. vs. Trosclair, 139 La. 323, 71 South. 524. The main demand in the case involves $181.00 and is within our jurisdiction, therefore the appeal from the judgment dismissing the third opposition and intervention is also within our jurisdiction. The motion to dismiss is therefore overruled.

The defendant, Anderson, is a justice of the peace, and shortly prior to the garnishment process had rendered a judgment in favor of third opponents and intervenors against Mrs. Thomas Capps. In satisfaction of that judgment Mrs. Capps paid Anderson the sum of seventy-eight and 11-100 dollars. This amount was deposited by Anderson in the Merchants and Farmers Bank, in his own name and for his own personal account, and is said to be part of the ninety and 15-100 dollars seized by plaintiff. There is nothing to indicate that Anderson intended to segregate the fund paid to him by Mrs. Capps for account of the third opponents and intervenors from his own personal funds. As soon as he deposited that sum to his own personal account he became the debtor of the third opponents and intervenors, and they became his creditors. If he had made a deposit in kind, or made the deposit in his own name as agent of third opponents and intervenors a different state of facts would be

presented for decision. Money is only a representative of value, and as such it has no earmark, though it most readily takes wings. Schwan vs. Schwan, 52 La. Ann. 1190, 27 South. 678.

We believe the judgment appealed from is correct and should be affirmed, and it is so ordered.