## FRANCISCO MARQUEZ *v*. THE CITY OF NEW ORLEANS.

13 319
51 808

The city is bound to pay her proportion of the expenses necessary for the pavement of streets bordering on ground belonging to the city and laid out for a public promenade.

APPEAL from the Third District Court of New Orleans, *Duvignaud, J.*
Paul E. Theard, for plaintiff.   J. S. Michel, for defendant and appellant.

COLE, J.   Plaintiff contracted with the city of New Orleans to level, grade and shell a tract twenty feet wide, on Claiborne street, on the north side of the middle ground or promenade of said street, from St. Bernard Avenue to the Elysian Fields street, in the third district of the city, at the rate of $2 46 per running foot.

The contract was performed by plaintiff, and his work was accepted by the city authorities.

In payment of the work, the city delivered to plaintiff several bills made by the street commissioner and attested by the comptroller, against the property owners on the north side of said shellroad, in Claiborne street, including the entire costs of the aforesaid shelling.

The property owners refused to pay more than one-half of the amount of the bills, on the ground that the city of New Orleans is the owner of the middle ground, or promenade, located in the centre of Claiborne street, and fronting said shellroad, and also of all the intersecting corner streets, fronting on each side of the said shellroad.

Plaintiff then instituted suits on these bills against the property holders before the Third District Court of New Orleans; the court decided that the city of New Orleans, as owner of the strip of land in the centre of Claiborne street, should pay one-half of the shelling made in front of the same, and as owner of the intersecting streets, at each corner, should pay the whole of the shelling made there.

Under these decisions plaintiff has instituted the present suit, claiming from the city of New Orleans $2,863 07; that is to say, requiring the city to pay the sum of one dollar and twenty-three cents per running foot, for all work done in front of said middle ground or promenade, it being the one-half of the price at which the contract was performed, and the other half being paid by the property holders opposite; and also the full sum of two dollars and forty six cents for the shelling at the intersecting streets, there being no property holders there to pay the same.

Plaintiff obtained judgment in the court below, and defendant appealed.

There is no error in the judgment.

Under section 119 of the city charter, the owners of real property can only be made to pay the whole cost of the pavement of streets when they own property fronting on both sides of said pavement.

In the case at bar, as the city owns on one front, if she were not liable, then only one-half of Claiborne street and of streets similarily situated could be paved.

The city is obliged to make and pay for one-half of the paving in the case at bar, not only from the effect of section 119 of the city charter, but also because the middle ground in Claiborne street is the property of the city and intended or dedicated as a public promenade and for the public good and enjoyment. It is then just when the city has property of this character, that she should pay her proportion of expenses necessary for the construction of a public highway along the borders of her property, and not coerce opposite proprietors to pay the whole, and thus tax them in particular to enable the community to enjoy a pleasant promenade and free circulation of air.

It is objected by the city, that the additional expense would be fully compensated by the advantages of a broad avenue; this argument is not so conclusive; for it might much augment the value of the property on the north side of the shell road if the promenade was lined with houses, for then there would be openings for more stores, and a consequent attraction for a larger number of customers.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.

BUCHANAN, J., having an interest in the question took no part in this decision.

SPOFFORD, J. I concur in the decree, although I dissent entirely from the views expressed by Mr. Justice Cole, and concurred in by the Chief Justice.

I think it quite clear that section 119 of the amended charter of New Orleans (Acts 1856, p. 164,) contemplated no assessment for paving and banquetting, against the city *as owner of public places*. The language of the section covers only such property as is susceptible of private ownership. In one sense, the city owns the streets. Is it possible thus that the Act of 1856, in declaring that the cost of a banquette shall be borne proportionally by the owner or owners of real property fronting on said banquette, meant that the city, as owner of the street fronting on the banquette, should pay half the cost. I do not suppose such an interpretation was ever thought of. But it seems to me to be the necessary sequence of the doctrine that the city is bound to pay for half the shellroad in Claiborne street, because it owns the whole street, and the middle portion of the street is now used as a green, or promenade for foot passengers only, and not for carriages.

The green or middle portion of Claiborne street, in my opinion, is just as much a " public thing " and just as exempt from assessment under the city charter, as the two road-ways along the same street. C. C. 445.

But I can concur in the decree, because that question is not necessarily before us. The city gave the plaintiff certain bills against proprietors for his work; it therefore warranted their existence as valid claims; the contractor sued upon them and to the extent of one-half they were declared, by judgments which are unappealable, to be invalid. However erroneous I might find those judgments, if they were before me for revision, I think, under the decisions, the city is liable upon its implied warranty. *Tournier* v. *Municipality No.* 1, 5 An. 298. *Cronan* v. *Municipality No.* 1, 5 An. 537.