### No. 4892.

GABRIELLE CORREJOLLES *v.* SUCCESSION OF LOUIS FOUCHER.

The only question presented in this suit was decided in the case of Marquez *v.* the city of New Orleans, 13 An. 320. The court held that the middle ground of Claiborne street belonged to the city as a *locus publicus*, and that the city was bound to bear one-half of the expense of constructing a road on the north side of Claiborne street, the entire expense of which it was sought to impose upon the proprietors on the north side. That case and the one at bar seem to be identical.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. Alfred Philips,* for plaintiff and appellant. *E. Bermudez,* for defendant and appellee.

TALIAFERRO, J. On the third of February, 1869, the plaintiff entered into a contract with the police jury of the parish of Jefferson, left bank, to build a shell road on Nayades street (now St. Charles street), from the upper boundary of the city of Carrollton, on the north side of that street, for a fixed price. This contract was entered into under the authority of an act of the Legislature passed in 1868, authorizing the police jury of the parish of Jefferson to order the making of a shell road, or Nicolson pavement. The work having been performed by the contractor, the bills against the various owners of property fronting on the street, were made out by the proper parish officers and delivered to the contractor for collection.

Among the proprietors owning property on this street was the late Louis Foucher, Marquis de Circé. His property is situated on the south side of St. Charles street and the shell road, as we have seen, was constructed on the north side of that street. The payment of the

plaintiff's bill is resisted on the plea that the middle ground of the street, which is used by the New Orleans and Carrollton Railroad Company as a train way, is either the property of the railroad or of the public, and, in either case, is bound to sustain its portion of the expense of shelling the road. The defendant denies that his lands, lying south of the street, are bound for any part of the taxes. He further contends that the act of the Legislature of 1868, authorizing the making of a shell road, is unconstitutional for the reason that the second object of the act is not expressed in its title.

Judgment was rendered for the defendant and the plaintiff has appealed.

It seems that the only question in which the defendant is concerned, presented in this case, was decided in the case of Marquez *v.* the city of New Orleans, 13 An. 320. In that case the court held that the middle ground of Claiborne street belonged to the city as a *locus publicus,* and that the city was bound to bear one-half the expense of constructing a road on the north side of Claiborne street, the entire expense of which it was sought to impose upon the proprietors on the north side. That case and the one at bar seem to be identical. With that view of the case the judge *a quo* decided in favor of the defendant, and we think correctly. The plea of the unconstitutionality of the law is without weight.

It is therefore ordered that the judgment of the district court be affirmed with costs.