## No. 5051.

### T. A. DAHLGREEN *v.* STEPHEN DUNCAN et als.

The possessory action is not the mode to test the right to enforce a mortgage or the regularity and validity of the proceedings in the execution of judgments. To recognize the action of plaintiff in this instance would give to every third possessor of mortgaged property the right to obtain and hold possession of such property against and in despite of the legal proceedings by the mortgage creditor to enforce his claim.

The law has provided the remedy for the protection of the rights of a third possessor, but it is not the possessory action.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough,* J. *Samuel R. & O. L. Walker* and *Drake & Garrett,* for plaintiff and appellee. *William B. Spencer* and *T. P. Farrar,* for defendants and appellants.

HOWELL, J. This is a possessory action, based on the allegations that plaintiff had been in possession, as owner, of a certain plantation for more than a year, when the sheriff of the parish, by virtue of six writs of seizure and sale, issued by defendants on judgments obtained

by them against 'Charles G. Dahlgreen, disturbed his possession by seizing said plantation, advertising, and selling it to the defendants.

One of the grounds of the defense is, that whatever possession the plaintiff had was legally terminated and ended by the seizure and sale of the property, under the precedent and superior rights of the defendants, and that the seizure and sale under defendants' mortgage, which contained the pact *de non alienando*, was not a disturbance under the law, and gave no right to the possessory action.

This position seems to us to be correct in law. The possessory action is not the mode to test the right to enforce a mortgage or the regularity and validity of the proceedings in the execution of judgments. To recognize this action of the plaintiff, would give to every third possessor of mortgage property the right to obtain and hold possession of such property against, and in despite of, the legal proceedings by the mortgage creditor to enforce his claim. The law has provided the remedy for the protection of the rights of a third possessor, but it is not the possessory action.

It is therefore ordered that, the judgment appealed from be reversed and that the demand of the plaintiff be rejected with costs in both courts.