## No. 9187.

### C. J. FAYSSOUX VS. SUCCESSION OF BARONESS DE CHAURAND.

In the absence of a published petition on the part of abutting proprietors, or of a similar notice of intention on the part of the city, based on a resolution duly adopted, for the paving of a street, recovery cannot be had from the front owners for the cost of such improvement.

Section 1 of Act 73 of 1876, applies to ordinary streets; section 2 refers to streets, or roadways, in the centre of which runs a middle, or neutral strip (not private property). It is in the last case only that the city can, by ordinance and of its own motion, order a paving, but this can be done solely after a proper vote of the Council, and publication of a notice of municipal intention, subject to the right of front proprietors of objecting, on valid grounds.

Section 3 of that act, which declares that the notarial contract for the work, executed by the Mayor, shall be *prima facie* proof of compliance with antecedent legal requirements, is not *conclusive* on that subject. It shifts the burden on the property owner, who must be permitted, on plea and proof, to rebut it.

The authority to make local assessments does not exist unless unequivocally conferred. It can be exercised no further than clearly delegated. Where the mode in which it can be done is prescribed, it constitutes the measure of the power and must be followed.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*James D. Coleman* and *Braughn, Buck & Dinkelspiel* for Plaintiff and Appellant.

*P. E. Théard & Sons* for the residuary legatees, Appellees.

*Alfred Grima* for particular legatee.

*A Pitot, Jr.*, for testamentary executor.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action for the recovery of the cost of paving a street in front of property belonging to the succession of the deceased.

The suit is brought against the executor as the usufructuary, who calls in warranty the residuary legatees.

The plaintiff claims as contractor, under a contract with the city, entered into for the paving in question, ordered in furtherance, it is claimed, of authority derived under the provisions of Act 73 of 1876; p. 116.

The defense is, that the work was ordered in the absence of either any petition on the part of fronting proprietors, or of any published intention on the part of the city council, either of which was indispensably necessary to justify the ordering of the work, so as to authorize levy and collection of the cost thereof from the front proprietors.

The record fails to show either such petition or such published intention.

Section 3 of the act declares that, the contract between the mayor and the contractor, executed before a notary, shall constitute *prima facie* proof of due observance of all the antecedent forms and requirements of law. It does not, nor could it, make a *conclusive* proof. The effect of the existence of such contract is to shift the burden of non-observance on the defendant, who, on special averment to that end, must be permitted to rebut.

Such defense was set up and the non-observance was allowed to be shown, and was established by proof and even by admission in open court.

The bill of exception to the rulings permitting the introduction of the evidence is, therefore, without merit.

The plaintiff claims that the contract was validly entered into, either under sec. *first*, or sec. *second*, of the act.

Under the *first* section of the law which relates to ordinary streets, bordered by improved or unimproved lots, a petition and publication thereof is indispensably necessary. It is only where such has been presented, and where no opposition has been made, that the city authorities are empowered to order the work, whatever it be, to be executed; for, in such case, the whole cost is borne exclusively by the front proprietors equally, without any contribution by the city.

Under the *second* section, which refers to streets having a strip of land, or neutral ground, running through the middle, not private property, with a road upon both sides, the work can be either petitioned for by the front proprietors, or ordered by the city council, *proprio motu.*

In the former case, the petition must be published, as is required by section first; and in the latter, in the absence of such petition, the city being regarded as a front proprietor, notice of the intention is required to be published in the official journal of the city, once a week during four weeks. The council is not allowed to order such work, unless they shall deem it proper for the public interest, and so decide by a two-thirds. vote of its members. In both cases, fronting proprietors are reserved the right of objection, and in case the work is ordered, are subjected to payment of two-thirds of the cost, the remaining third to be borne by the city, who is considered as owning the strip, or neutral ground, running through the middle of the roadway.

Bienville street, which is that on which the paving was done, is not a roadway through the middle of which exists a strip, or neutral ground.

It is an ordinary street, extending from sidewalk to sidewalk, and does not therefore come within the purview of section 2 of the act relied on.

As there was no published petition on the part of the front proprietors, or no published notice of intention on the part of the city, it is clear the city authorities had no warrant, under any circumstances, to order the work and enter into the contract with the plaintiff, who, having acquired no right, can recover nothing from the defendant.

The authority to make local assessments does not exist, unless unequivocally conferred. It can be exercised no further than it is clearly delegated. Where the mode in which the authority shall be exercised is prescribed, it constitutes the measure of the power and must be followed. Abbott on Corp. p. 487; Dillon on Mun. Corp. Vol. I, p. 362, sec. 246; Cooley on Tax, 418; Burroughs on Tax., sec. 128, p. 372, ch. xix.

Judgment affirmed.

Rehearing refused.