LAND, J.
This is a suit to enforce a local assessment for sidewalk purposes against the defendant and against a certain square, belonging to the parish of Washington, on which the courthouse is located.
Plaintiff’s suit was dismissed in the district court. The Court of Appeal reversed the decree of the lower court, and rendered judgment in favor of the plaintiff as prayed for.
Act 147, p. .261, of 1902, empowered cities, towns, and parish sites to levy and collect special taxes and local contributions against all real estate abutting sidewalks and curb-ings for the purpose of paying the costs of paving the same. Under this statute the authorities of the town of Franklinton constructed concrete pavements around said courthouse square at a cost of $548.10. The police jury of. the parish of Washington refused to pay on the ground that the said square is public property and therefore exempt from local assessment.
The Court of Appeal held to the contrary in a well-considered opinion wliich is directly supported by the case of Adams County v. City of Quincy, reported in 130 Ill. 566, 22 N. E. 624, 6 L. R. A. 155, in which it was held that the exemption from taxation of the property of a kind used solely for public purposes does not extend to a special tax for public improvements such as the paving, of a street on which the premises front.
In New Orleans v. Warner, 175 U. S. 120, 20 Sup. Ct. 44, 44 L. Ed. 96, the same question was considered from the standpoint oi Louisiana jurisprudence. Inter alia the court said:
“The argument is that public property, being exempt from taxation, is also exempt from these assessments; but the authorities have long recognized a distinction between general taxes, which are for the benefit of the public generally, and which in the nature of things th'e public must directly or indirectly pay, and special assessments for the benefit of particular property, which are a charge upon the property benefited. If this be private property, then each of such property pays its share; if it be public property, the city pays it as the agent of the entire body of its citizens, who are assumed to-have been benefited to that extent. Charnock v. Levee Co., 38 La. Ann. 323.”
The court cited other Louisiana cases as-holding that public property must bear its just proportion of the burden of paving streets. This case is cited by a recent author as holding that:
“Public property in Louisiana is liable to assessment for public improvements.” Hamilton, Law of Special Assessments, p. 233.
The same writer further says that:
“A city may levy a special assessment for improving the street in front of a courthouse square within the city, and, if the board of county commissioners do not consent to and pay the same, the court may adjust the matter.”
Citing Commissioners v. Ottawa, 49 Kan. 747, 31 Pac. 788, 33 Am. St. Rep. 396, and Adams County v. Quincy, 130 Ill. 566, 22 N. E. 624, 6 L. R. A. 155; and also Scammon v. Chicago, 42 Ill. 192, to the effect that a public park or square is subject to assessment.
Act 147 of 1902 embraces in its sweep all abutting real estaté. This act specially empowers “parish sites,” necessarily including within their limits the parish courthouse and grounds, - to levy special assessments on all abutting real estate for sidewalk purposes. It follows, as a necessary implication, that *5 the lawmaker, as he did not except, intended to include, courthouse squares, without which parish sites cannot exist.
We can perceive no good reason in law or in equity why the cost of the paving of the courthouse square should be saddled on the inhabitants of the parish site.
The complaints of the defendant on other points were correctly disposed of by the Court of Appeal.
It is therefore ordered that the judgment of the Court of Appeal be affirmed, and that the defendant pay the costs of this proceeding.