PROVOSTY, J.
On the plot of Tuxedo Park subdivision of the city of Shreveport, Boulevard street extends from Fairfield avenue to Southern avenue, a distance of three squares. Its central portion, except that part occupied by the two cross-streets, is set off into three rectangles, each marked “Esplanade.” These rectangles are 22% feet wide, and of equal length with the squares. The space between them and the property line, on each side, is 30 feet wide, and continues the length of the street, and is marked “Boulevard.”
These “Esplanade” parts were in no way distinguished from the rest of the street, until the street was paved. But they were then set apart as grass ■ plots, with a curb rising some six inches above the pavement, similar to that of the sidewalks. One of the property owners abutting on the street sought to have them include in the rest of the street; but the street commissioner was of opinion that this might be considered to be a diversion from the use for which the dedication was made to the public, and cause the ownership to revert to the former owners.
This paving work was done under Act 10, p. 9, of 1896, by which the cost of paving is apportioned one-third to the city, and one-third to the abutting property owners; and the question presented in this case is whether the city, as owner of these “Esplanades,” is an abutting property owner, and as such must pay one-third of the expenses of the paving, in addition to' the one-third which she is required to pay under the statute, or whether the entire space including the “Esplanades” constitutes but one street, for the paving of which she pays one-third, and the abutting property owners two-thirds.
The street railway company operates a double track along the center of this Boulevard street under grant from the city; but whether, in making this grant over the “Esplanade” parts, the city acted in any other quality than that in which a city in general acts in granting street railway franchises does not appear from the record.
That these “Esplanades” have been dedicated to the public, and belong to the city as the legal representative of the public, there is no question. But the contention, is that they stand on the same footing as the rest of the street, and that the city is no more liable to street paving contribution by reason of being owner of' them than she is by reason of being owner of the rest of the street; that, instead of leaving this 22% feet space in the center of the street for grass plots, she might have divided it between the two banquettes, and paved the center of the street; that this course was followed on other broad streets of the city.
What would have been the legal situation had that course been followed is a question not now before this court for consideration. The city did not follow,that course, but reserved these “Esplanades” as grass plots, not forming part of the street; and, such being the case, she, as owner of them, must, under a jurisprudence now fairly well settled, be held to occupy the position of an ordinary abutting owner, and to be liable as such under said Act 10 of 1896. Marquez v. New Orleans, 13 La. Ann. 319; Correjolles v. Succession of Foucher, 26 La. Ann. 363; Barber Asphalt Co. v. Gogreve, 41 La. Ann. 259, 5 South. 848; State ex rel. v. New Orleans & Lake R. R. Co., 42 La. Ann. 555, 7 South. 606; Fayssoux v. De Chaurand, 36 La. Ann. 547.
Judgment affirmed.