Statement of the Case.
MONROE, J.
Defendant has appealed from a judgment condemning it to pay $4,-387.64, less $1,187.64, paid on account, or $3,200, being one-third of the cost of paving the two roadways of Park avenue, in Shreveport, for a distance of 1,140 feet, assessed against it as the owner of property abutting on said roadways, agreeably to the provisions of Act No. 10 of 1896, which provides (section 1) that the authorities of any town or city (New Orleans excepted) having a population exceeding 10,000 shall have power to pave its streets and alleys, or any part thereof, not less than one block, and to levy and collect special taxes or local assessments on the real estate abutting the street or alley to be improved, for the purpose of defraying a part of the cost of such work; that (section 2) :
“The owners of real estate so abutting shall pay two-thirds of the entire cost of such work * * * and the corporation shall pay one-third, * * * provided that, where a railway bed and track occupies a portion of the street, it shall pay in proportion to the space occupied "* * * and, * * * that the intersections * * * shall be paved at the expense of the municipality and railroad occupying a portion of the same in the proportion to the space the .said roadbeds may occupy with relation to the whole intersection.”
The defense is that the property against which the tax is assessed is not “abutting” property, within the meaning of the law; that, if it should be so found, it derives no benefit from the paving, and the assessment is confiscatory and unconstitutional. It is alleged in the answer that the property in question measures 20 feet in width by 900 feet in length, running through the middle of Park avenue, but the sketch annexed to the answer seems to call for greater length, and the paving bill sued on calls for 1,140 feet, and there is no dispute in regard to the amount.
“It is admitted that the lots facing this street” (referring to Park avenue), “other than the land in question, are 50 feet front by 150 feet in depth; * * * that the amount claimed from the 50,-foot front in the land in controversy is the same amount that has been assessed against the 50-foot front lots, facing the street by 150 in depth * * * ; that, prior to the paving, * * * each of these lots, 50x150 feet, was worth, say, $800 each, and that, since the paving, each one is worth about $1,000; * * * that the * * * $1,187.64 was paid by the Traction Company as due for paving intersections of streets, where streets run across Park avenue * * * and that no part of the same was paid on account of the paving opposite the strip of ground in question; * * * that the area of the strip of ground referred to in the petition is 17,020 square feet, and that, in the ordinary lots facing the said street, 50 by 150 feet, there are 7,500 square feet in each lot, making the strip in question the equivalent of 2.27 lots in area; * * * that the assessment was levied in due and legal form, and that the amount sued for is the correct amount which would be due if plaintiff had the legal right to assess the strip of ground in controversy, the sole question being the right of the city to levy the assessment.”
Opinion.
[1, 2] The question of the liability of abutting proprietors for paving in front of property situated as is that of the defendant was settled in this state by the decisions in the cases of Marquez v. City of New Orleans, 13 La. Ann. 319, and Correjolles v. Foucher, 26 La. Ann. 362, in which the positions of the defendants were much stronger than is that of the present defendant. In the case first mentioned, it appeared that Claiborne street, in New Orleans, like Park avenue, in Shreveport, had a middle ground (which the court held to be a locus publicus, and *571 called a “promenade”), with a roadway on either side, and it was held, because of its ownership, or supposed ownership, of the same, that the city was liable for the paving of the roadways, as an abutting proprietor, though Spofford, J., did not concur in that view, being of opinion that “the green or middle portion of Claiborne street was just as much a ‘public thing’ and just as exempt from assessment under the city charter as the two roadways along the same street.” The facts in the ease of Correjolles v. Succession of Eoucher differed from those in the Marquez Case only in that the middle ground on St. Charles street was occupied by the New Orleans & Carroll-ton Railroad Company, and the contention was sustained that it was “either the property of that company or of the public,” and, in either case, was bound, as abutting property, for its proportion of the cost of paving the roadways.
The doctrine of the cited cases has been affirmed in Fayssoux v. Succession of Baroness De Chaurand, 36 La. Ann. 547; Asphalt Paving Co. v. Gogreve, 41 La. Ann. 251, 5 South. 848; State ex rel. City of New Orleans v. Railroad Co., 42 La. Ann. 550, 7 South. 606; City of Shreveport v. Weiner & Loeb, 64 South. 718, post, p. 800, No. 19,759 of the docket (recently decided).
The question of the right of an abutting proprietor to contest a local assessment for paving on the ground of inequality or lack of benefit to the property has been settled adversely to the contention of the present defendant by the decision in Kelly v. Chadwick, 104 La. 719, 29 South. 295 (affirmed by the Supreme Court of the United States in 187 U. S. 540, 23 Sup. Ct. 175, 47 L. Ed. 293), and other decisions of this court and of the Supreme Court of the United States affirming the doctrine there enunciated. Bruning v. Chadwick, 109 La. 1067, 34 South. 90; Bacas v. Adler, 112 La. 812, 36 South. 739; City of Shreveport v. Kansas City S. & G. R. Co., 125 La. 587, 51 South. 648; Fourmy v. Town of Franklin, 126 La. 154, 52 South. 249; French v. Barber Asphalt Company, 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; Cass Farm Co. v. Detroit, 181 U. S. 396, 21 Sup. Ct. 644, 45 L. Ed. 914; Shumate v. Hennen, 181 U. S. 402, 21 Sup. Ct. 645, 45 L. Ed. 922; Detroit v. Parker, 181 U. S. 399, 21 Sup. Ct. 624, 45 L. Ed. 917; L. & N. R. Co. v. Barber Asphalt Co., 197 U. S. 430, 25 Sup. Ct. 466, 49 L. Ed. 819.
The admissions in this case show the value, before and after the paving, of the 50x-150 foot lots fronting on Park avenue, but there is no admission and no evidence in regard to the value of defendant’s property, whether, as now used, for the purposes of its railroad, or as it might be used if buildings were erected on it fronting upon two sides. Property so situated may be more or less valuable, according to its use to the owner and the character of the improvements. As we are left to speculate upon the subject, we should say that the paving of the streets through which a street railway runs would tend to increase the resident population and thereby increase the traffic of the road-
Judgment affirmed.
PROVOSTY, J., being absent on account of illness, takes no part.