## COLUMBIA INV. CO. v. LONG BRANCH AND LAKESIDE SPECIAL ROAD AND BRIDGE DIST. et al.

(District Court, S. D. Florida. November 4, 1921.)

1. **Constitutional law ⏾70(3), 290(3)—Legislature may levy special improvement tax without hearing; legislative discretion not ordinarily reviewable.**

   A state Legislature may itself make assessments for a public improvement, either according to value, position, area, or frontage, without a preliminary hearing as to benefits, and the courts will not ordinarily review legislative discretion in making such assessments.

2. **Taxation ⏾498—State assessment subject to attack only when clearly arbitrary.**

   It is only when an assessment by a state is palpably arbitrary that it can be successfully attacked.

3. **Highways ⏾140—Special assessment may be based on acreage.**

   That a special highway tax is assessed in the same amount on each acre within the taxing district does not make it invalid.

4. **Constitutional law ⏾283—Highways ⏾90—Officers ⏾2—Statutes ⏾103— Act creating road district held not unconstitutional, as taking property without due process, or as creating an office with longer term than four years, or as special or local law regulating jurisdiction and duties of officers.**

   Laws Fla. 1921, c. 8888, creating the Long Branch and Lakeside special road and bridge district, levying a preliminary tax on the lands in the district, and providing for a board of supervisors, with authority to issue bonds and levy an annual tax, *held* not unconstitutional, as taking the property of a landowner without due process of law, or in conflict with Const. Fla. art. 16, § 7, providing the Legislature shall not create any office the term of which shall be longer than four years, or article 3, § 20, prohibiting special or local laws regulating the jurisdiction or duties of any class of officers, except municipal officers.

In Equity. Suit by the Columbia Investment Company against the Long Branch and Lakeside Special Road and Bridge District and others. On motion for preliminary injunction under Judicial Code, § 266 (Comp. St. § 1243). Denied.

⏾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Axtell & Rinehart, of Jacksonville, Fla., for complainant.
McCollum & Clark, of Jacksonville, Fla., for defendants.

Before BRYAN, Circuit Judge, and FOSTER and CALL, District Judges.

BRYAN, Circuit Judge. At its regular session in 1921, the Legislature of Florida enacted chapter 8888, a special act establishing a special road and bridge district in Clay county, Fla., designated as the Long Branch and Lakeside special road and bridge district. The lands included in the district are described in the act, and consist of about 150,-000 acres. A board of supervisors is provided for, and authorized to issue bonds in an amount not exceeding $1,000,000, bearing interest at a rate of 6 per cent. per annum. A tax of 10 cents per acre upon the lands in the district is levied by the act to pay preliminary and current expenses. The board of supervisors is authorized to borrow money, provided that not more than $25,000 of borrowed money shall be outstanding at any one time, the sums so borrowed to be refunded out of the proceeds from the sale of bonds. The act also authorizes the board of supervisors to levy an annual tax, not exceeding 25 cents per acre, for maintenance, and a marginal or safety fund tax of 10 per cent. of the amount assessed annually for the retirement of the bonds and for interest.

The complainant alleges that it owns 5,090 acres of land in said district; that this land is wild and unimproved, and that the timber has been cut off of it, and that it is not worth exceeding $5 per acre; that proceedings have been instituted by the drainage district and board of supervisors for the purpose of having the bond issue validated by a decree of the circuit court for Clay county, Fla., in pursuance of the laws of Florida. It is further alleged that the amounts assessed against the lands of complainant will be many times its value.

The bill further avers that the act of the Legislature is in violation of the Fourteenth Amendment to the Constitution of the United States, in that it is a taking of property without due process of law, and that it is repugnant to the Constitution of Florida, because it conflicts with section 7 of article 16 thereof, in that it provides that the supervisors shall hold office for a period of more than four years, and because it conflicts with section 20 of article 3 thereof, in that it is a special or local law, and regulates the jurisdiction and duties of a class of officers other than municipal officers.

The bill prays that the defendants be enjoined from making an assessment under the act for the year 1921, and that they be enjoined from further prosecuting proceedings in the state court for the validation of the bonds, and that they be enjoined from issuing or attempting to issue any bonds.

[1, 2] A federal court is without jurisdiction to enjoin the proceedings pending before the state court. Revised Statutes, § 720 (Comp. St. § 1242). It is well settled that a state Legislature may itself make assessments without preliminary hearing as to benefits. French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879. Such an assessment may be according to value, position, area, or front-

age. Houck v. Little River Drainage District, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266. The courts will not ordinarily review legislative discretion in making such assessments. Spencer v. Merchant, 125 U. S. 345, 8 Sup. Ct. 921, 31 L. Ed. 763; Chadwick v. Kelly, 187 U. S. 540, 23 Sup. Ct. 175, 47 L. Ed. 293; Louisville & N. R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430, 25 Sup. Ct. 466, 49 L. Ed. 819. It is only when an assessment by a state is palpably arbitrary that it can be successfully attacked. Houck v. Little River Drainage Co., supra; Myles Salt Co. v. Iberia Drainage District, 239 U. S. 478, 36 Sup. Ct. 204, 60 L. Ed. 392, L. R. A. 1918E, 190; Branson v. Bush, 251 U. S. 182, 40 Sup. Ct. 113, 64 L. Ed. 215.

[3, 4] It is contended by complainant that this case is similar in principle to the case of Myles Salt Co. v. Iberia Drainage District, in which an attempt to incorporate Weeks Island in Louisiana in a drainage district was held to be arbitrary and without compensating advantages of any kind. The statement of facts in that case shows that the property there in controversy could not possibly be benefited by drainage. Its elevation is stated to be 175 feet or more. This case falls under the other cases cited above. It may be that the benefits received will not be in proportion to the amount of taxes complainant will be required to pay, but it is not fair to say that no substantial benefit will be conferred. The circumstance that the act levies or authorizes an equal amount to be levied upon all the lands in the district is not enough to make it invalid.

It is further insisted that the act is void, because it does not give property owners an opportunity to be heard. Section 22 provides for publication of a notice setting forth the amount of the proposed levy and assessment, and for a hearing before the board of supervisors, who are authorized to make such changes as they deem advisable. Full opportunity is given by section 24 to present any and all defenses to the assessment in the event suit is brought and an attempt is made to enforce payment. The provisions for a hearing are sufficient. 25 R. C. L. 163, and cases there cited.

The act does not violate section 7 of article 16 of the Florida Constitution, which provides that the Legislature shall not create any office the term of which shall be longer than four years. In the first place, the act provides that the term of office shall be four years, although it is true the time provided for the election of the successors to the present board of supervisors is more than four years from the approval of the act by the Governor; but, even so, the act would be valid for the statutory term of four years, and invalid only as to the period beyond that. State ex rel. Lamar v. Dillon, 42 Fla. 95, 28 South. 781. Neither is the act invalid because of the provision in section 20 of article 3 of the Florida Constitution, which prohibits the Legislature from passing special or local laws regulating the jurisdiction or duties of any class of officers, except municipal officers. In the case of Lainhart v. Catts, 75 Fla. 735, 75 South. 47, the Supreme Court of Florida had under consideration a special act of the Legislature establishing a drainage district, which provides for commissioners consisting of the Governor and certain members of his cabinet. It also requires taxes to be paid to the

tax collector, as does the act under consideration. In the case cited the special drainage act was upheld against the same attack now made in the instant case.

The application for an interlocutory injunction is denied