AYRES, Judge.
Plaintiffs, 27 in number, owners of abutting property, initially sought to enjoin the *599 awarding of a contract for the reconstruction, widening, or improving of East Kings Highway from the Shreveport-Barksdale Highway to 70th Street in Shreveport or otherwise encumbering any funds from a bond issue of 1968 for that purpose. The injunction never issued. A contract for the improvement was let and the project completed. Plaintiffs, however, in their original as well as in an amended petition filed subsequent to the completion of the work, attacked the validity of both the special assessments against their respective abutting properties and the ordinance authorizing the assessments. Questions presented in the attack upon the ordinance and special assessments are now before this court on an appeal by plaintiffs from a judgment sustaining an exception of no cause of action.
A discussion of the issues presented with reference to the proceedings in which the contract was awarded and the work done may be pretermitted as immaterial since, as stated, a contract for the improvement was awarded and, pursuant thereto, the work was completed. Therefore, plaintiffs’ contentions before this court are that the ordinance levying the charges and making the assessments against their respective properties is null and void.
In this regard plaintiffs contend (1) that the defendant, the City of Shreveport and the members of its governing authority, failed to comply with Section 4.07 of the Charter of the City of Shreveport in enacting the ordinance; (2) that the proposed assessments bear no relationship to the actual cost of the work as required by LSA-R.S. 33:3301 et seq.; (3) that the proposed assessments are discriminatory in that the defendant failed to levy against approximately 45% of the abutting property; and (4) that the assessments are arbitrary in computation and therefore vio-lative of the aforesaid statute. Plaintiffs further assert it was error to include, as an item of the construction costs charged to them, $6,173.02 for the removal and relocation of electrical transmission lines and equipment for the reason that the cost for such removal is a burden of the utility company.
It must be conceded, we think, that Items (1), (2), and (4), listed above without amendment or explanation, are mere conclusions of the pleaders inasmuch as there are no alleged factual bases for them and, hence, without amplification or clarification, are insufficient to state a cause of action.
However, Item (3) clearly alleges a discrimination between properties of the several owners abutting the improvement. There,' it is alleged, approximately 45% of the front footage of the abutting property on the project was not assessed. The defendant, City of Shreveport, contends that the nonassessed property was owned by it and that, as such, it is public property not subject to special assessments as are the other properties.
The public improvement herein concerned was undertaken and completed under the provisions of LSA-R.S. 33:3301 et seq., Sub-Part A, Chapter 7, with reference to municipal street improvements undertaken at instance of the government authority. Section 3301 of the statute provides that a municipality “may levy and collect local or special assessments on the real property abutting the improvements, * * * sufficient in amount to defray the total cost of the works, * * * subject to the limitations and restrictions” as the statute thereafter provides.
Section 3306 of the statute authorizes, after the completion of the work, the adoption of “an ordinance levying a local or special assessment on each lot or parcel of real estate abutting the street, road, sidewalk, or alley to be improved, * * * in proportion that its frontage bears to all the abutting lots or parcels of real estate to be improved * *
*600 Nowhere in the statute do we find that public property is exempt from these special assessments. That a municipality may, however, participate in the cost is authorized by Section 3318.
In an early case, City of New Orleans v. Warner, 175 U.S. 120, 138-139, 20 S.Ct. 44, 44 L.Ed. 96, 106, the United States Supreme Court made this appropriate announcement :
“The argument is that public property, being exempt from taxation, is also exempt from these assessments; but the authorities have long recognized a distinction between general taxes, which are for the benefit of the public generally and which in the nature of things the public must directly or indirectly pay, and special assessments for the benefit of particular property, which are a charge upon the property benefited. If this be private property, then each owner of such property pays his share; if it be public property, the city pays it as the agent of the entire body of its citizens, who are assumed to have been benefited to that extent. Charnock v. For-doche & G. T. Special Levee Dist. Co., 38 La.Ann. 323.”
In Town of Franklinton v. Police Jury of Parish of Washington, 126 La. 2, 52 So. 172, 173 (1910), it was held that the exemption of a courthouse square from taxation did not extend to a special assessment for paving sidewalks levied against all abutting real estate under the provisions of Act No. 147 of 1902. There the court stated:
“Act 147 of 1902 embraces in its sweep all abutting real estate. This act specially empowers ‘parish sites,’ necessarily including within their limits the parish courthouse and grounds, to levy special assessments on all abutting real estate for sidewalk purposes. It follows, as a necessary implication, that the lawmaker, as he did not except, intended to include, courthouse squares, without which parish sites cannot exist.” (Emphasis supplied.)
See, also: S. D. Moody & Co. v. Sewerage & Water Board, 117 La. 360, 41 So. 649 (1906); Untereiner v. City of New Orleans, 10 La.App. 667, 120 So. 884 (Orl.1929).
In City of Shreveport v. Weiner, 134 La. 800, 64 So. 718, 719 (1914), a question of the city’s responsibility and the validity of liens covering the “Esplanades” on Boulevard Street between Fairfield and Southern Avenues were in question. There it was said:
“That these ‘Esplanades’ have been dedicated to the public, and belong to the city as the legal representative of the public, there is no question. But the contention is that they stand on the same footing as the rest of the street, and that the city is no more liable to street paving contribution by reason of being owner of them than she is by reason of being owner of the rest of the street; that, instead of leaving this 22y¿ feet space in the center of the street for grass plots, she might have divided it between the two banquettes, and paved the center of the street; that this course was followed on other broad streets of the city.
“What would have been the legal situation had that course been followed is a question not now before this court for consideration. The city did not follow that course, hut reserved these ‘Esplanades’ as grass plots, not forming part of the street; and, such being the case, she, as owner of them, must, under a jurisprudence now fairly well settled, he held to occupy the position of an ordinary abutting owner, and to he liable as such under said Act 10 of 1896.” (Emphasis supplied.)
See, also: Marquez v. New Orleans, 13 La.Ann. 319 (1858); Correjolles v. Succession of Foucher, 26 La.Ann. 362 (1874) ; Fayssoux v. Succession of De Chaurand, *601 36 La.Ann. 547 (1884); Barber Asphalt Pav. Co. v. Gogreve, 41 La.Ann. 251, 259, 5 So. 848 (1889); State ex rel. City of New Orleans v. New Orleans C. & Lake R. R. Co., 42 La.Ann. 550, 555, 7 So. 606 (1890); City of Monroe v. Ouachita Parish School Board, 172 La. 861, 135 So. 657 (1931); Turfitt v. Police Jury of Tangipahoa Parish, 191 La. 635, 186 So. 52 (1939).
In the City of Monroe case it was held that the municipality was entitled to a lien on school property for special assessments though the property could not be sold in satisfaction thereof so long as it was used for school purposes. A similar ruling was made in the Turfitt case.
Plaintiffs’ contention with respect to the cost incidental to the removal and relocation of electrical transmission lines appears to possess some merit in view of the fact no authority is cited that such cost is not the burden of the utility company or that it is assessable against the abutting property.
The rule requires no citation of authority to the effect that when a petition discloses a cause of action on any phase of the controversy an exception to that effect should not be sustained. Nor is there any presumption that contentions not discussed herein are either with or without merit.
The judgment appealed is annulled, avoided, reversed, and set aside; and, accordingly,
It is now ordered, adjudged, and decreed that defendant’s exception of no cause of action be, and the same is now, overruled, and this cause is hereby remanded to the Honorable First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law, at the cost of defendant of such costs as are assessable against it.
Reversed and remanded.