BARRY, Judge.
The record discloses that these parties voluntarily separated and were divorced in 1973. In 1977 plaintiff instituted this community partition and defendant responded with a reconventional demand. Plaintiff (defendant in reconvention) filed exceptions to various parts of the reconventional demand. After the trial judge maintained the exception of no cause of action, plaintiff in reconvention filed a motion for a new trial and subsequently writs to this court, all of which were denied.
Our concern is the trial judge maintaining an exception of no cause of action which addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. No cause of action tests the legal sufficiency of the petition and all well-pleaded allegations of fact are accepted as true. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Succession of Andre Vidrine, 377 So.2d 564 (La.App. 3rd Cir. 1979).
The effect of sustaining the exception of no cause of action, or any peremptory exception, is to dismiss the action, not a part of the action. LSA-C.C.P. Art. 934.
Our Code of Civil Procedure does not provide for a partial no cause of action where another part of the demand states a cause of action. See Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184, 1185 (La.App. 2nd Cir. 1979).
As noted in Williams v. City of Shreveport, 241 So.2d 598 (La.App. 2nd Cir. 1970), “the rule requires no citation of authority *1257 to the effect that when a petition discloses a cause of action on any phase of the controversy an exception to that effect should not be sustained”.
Accordingly, the judgment of the District Court is reversed and set aside; it is now ordered, adjudged and decreed that defendant in reconvention’s exception of no cause of action be, and the same is now overruled and this matter remanded to the District Court for further proceedings in accordance with law. All costs incurred on appeal of this matter are to be paid by the plaintiff/defendant in reconvention.
REVERSED AND REMANDED.